Nov. Term, 1859.

THE LAKE ERIE, &c., RAILRO'D Co. v. ECKLER.

Monday, November 28.

THE LAKE ERIE, WABASH, AND ST. LOUIS RAILROAD COMPANY and Others *v.* ECKLER and Others.

A sub-contractor cannot pass by his immediate employer, and sue the principal or proprietor of the work.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—In *April,* 1853, *The Lake Erie, Wabash and St. Louis Railroad Company* contracted with *Boody, Ross & Co.* for the construction of their railroad.

In *May,* 1853, *Boody, Ross & Co.* contracted with *Otis, Johnson & Co.,* for the construction of a portion of said road.

In *January,* 1854, *Otis, Johnson & Co.* contracted with *Eckler & Co.,* for the completion of a portion of the road, the construction of which had been undertaken by said *Otis, Johnson & Co. Otis, Johnson & Co.* were to pay *Eckler & Co.,* as to times and proportions, the same as they were to be paid by *Boody, Ross & Co.*

During the progress of the work a suspension, pursuant to a right reserved, was ordered by the railroad company, and notice thereof given by the company to *Boody, Ross & Co.,* and by them to *Otis, Johnson & Co.,* and by them to *Eckler & Co. Eckler & Co.* then sued the railroad company, *Boody, Ross & Co.,* and *Otis, Johnson & Co.,* jointly, and charged for work done and not paid for, and for damages for a wrongful suspension of the work, &c. They obtained judgment against the railroad company, for the balance due for work done.

We do not see how this suit can be sustained against the railroad company or *Boody, Ross & Co.* It cannot be, under the old chancery rule, enacted into the code, that all parties in interest should be joined; for neither the railroad company, nor *Boody, Ross & Co.,* have any interest in the controversy arising between *Otis, Johnson & Co.,* and *Eckler & Co.,* out of an alleged breach of contract; and, to bring them within the rule, the defendants must

Nov. Term, 1859.

THE LAKE ERIE, &c., RAILRO'D Co. v. ECKLER.

have some common interest in the subject-matter of the suit.

It cannot be sustained on the ground of trust; for the contract did not provide that *Eckler & Co.* were to be paid out of the funds to be paid to *Otis, Johnson & Co.*, by their employers; and if it had, neither those employers nor the railroad company were parties to the contract. Under the old system of practice, the remedy in this case would have been at law, not in chancery.

The case is one of contract, and the remedy is between the parties to the contract.

As a general proposition of law, a sub-contractor cannot pass by his immediate employer, and sue the principal or proprietor of the work; because such is not the legal effect of the contract. See *McCluskey* v. *Cromwell*, 1 Kern. 593. The cases of *Faunce* v. *Burke*, 16 Penn. R. 469, and *The Philadelphia, &c., Railroad Co.* v. *Howard*, do not seem to have any bearing upon this question. Our statute provides as follows:

"Sec. 649. Any sub-contractor, journeyman, or laborer employed in the construction or repair, or furnishing materials for, any building, may give to the owner thereof notice in writing, particularly setting forth the amount of his claim, and service rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount due from him to the employer at the time of notice, which may be recovered in an action." 2 R. S. p. 182.

But no attempt has been made to bring the case at bar within this provision.

Our statute further provides—

"Sec. 522. After the issuing or return of an execution against the property of the judgment-debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment-debtor, or is indebted to him in any amount, which, together with other property claimed by

him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same as above provided." 2 R. S. p. 153.

And further sections point out the mode in which any credits admitted may be reached. See *Brisco* v. *Askey*, 12 Ind. R. 666.

These provisions of the statute have not been pursued; and yet they are enacted upon the hypothesis that such a suit as this at bar cannot be sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory, R. Jones, S. A. Huff, Z. Baird,* and *J. M. La Rue,* for the appellants (1).

*G. Gardner,* for the appellee (2).

(1) Counsel for the appellants cited *White* v. *Snell*, 5 Pick. 425; S. C., 9 *id.* 16.

(2) Mr. *Gardner*, for the appellee, cited the following authorities:

The railroad company were proper parties to the action. Fonbl. Eq. 222, note *a*, and note * and references.—Barb. and Harring. Dig., tit. "Parties," and cases cited.—Story's Eq. Pl., §§ 262, 516.—3 Cow. 537.—Story's Eq. Juris., § 526, and references.—2 R. S. p. 31, § 18, and p. 32, § 22, and references.

The railroad company are immediately liable, either as trustees, or on account of their liability to their immediate contractors. *Kyner* v. *Kyner*, 6 Watts, 221, as in U. S. Eq. Dig., p. 293.—16 Penn. R. (4 Harr.) 469, as in U. S. An. Dig., vol. 6, p. 543.—Story's Eq. Juris., § 1250, and cases cited; §§ 1231, 1087, note *a*, 790 to 793, 1213, 1265.—*Peet* v. *Beers*, 4 Ind. R. 46, and cases cited.

The law, as established by these authorities, seems to be, that where a party is to be paid out of a specific fund, or one coming from an appointed source, he has a right to seek it from that fund or source, in whatsoever hands it may be at the time he brings his action. In this case, the plaintiffs (appellees) were to receive their pay from *Otis, Johnson & Co.*, they from *Boody, Ross & Co.*, and they from the railroad company, out of the fund which the railroad company had provided, or ought to have had provided, for the construction of their railroad; and if, by reason of neglect, or default of any party, the fund failed to reach its destination, viz., the hands of the plaintiffs, who were immediately engaged in the construction of the work, then the party guilty of the default, or in whose hands the fund might or ought to be, must be immediately liable to the plaintiffs, who are eventually entitled to the same.

Should the complaint be considered bad for want of charging liability as above argued, it must be held good as charging a willful and fraudulent sus-

Nov. Term, 1859.