# THE SUPREME COURT

OF THE

STATE OF NEVADA,

OCTOBER TERM, 1883.

[No. 1126.]

## GILLSON & BARBER, RESPONDENTS, v. WILLIAM E. PRICE, APPELLANT.

CONTRACT FOR CUTTING CORD WOOD, CONSTRUED—LIABILITY OF DEFENDANT.—
The contract provided that the wood should be delivered, at a certain place, upon the cars of the V. & T. R. R. Co., and was to be paid for " when sale was made and return of sales were received." The complaint alleged that on a previous date an action was brought and judgment recovered for the amount then due for the wood delivered before such date, and for which returns of sale had, before that time been received: *Held*, that the test of defendant's liability at the time the former action was brought, was whether he had then received returns of sales of wood, although it had not been shipped or delivered on the cars.

IDEM—INSTRUCTIONS.—*Held*, that appellant could not complain of the instructions of the court, as to his liability, which were given at his own request.

BURDEN OF PROOF—ALLEGATIONS OF COMPLAINT.—The burden of proof is on the defendant to prove all the allegations of his complaint necessary for his recovery; but he is not bound to prove what goes merely to support the defense, although he has himself alleged them.

IDEM—ESTOPPEL.—Plaintiffs offered in evidence the judgment roll in former suit for the purpose of proving, as alleged in the complaint, that the cause of action was not identical with that litigated and determined in former action. Defendants defense was estoppel: *Held,* that plaintiffs were not obliged to prove that the wood referred to in this action was not included in the former action; that the defendant's plea of estoppel was new matter, and he was bound to plead and prove it.

IDEM—EVIDENCE—ANTICIPATING DEFENSE.—*Held,* that the court did not err in permitting plaintiffs to anticipate the defense by adducing evidence tending to show that the cause of action in this case was not identical with that in issue and determined at a prior date.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*C. S. Varian,* for Appellant:

I. The plaintiffs *need* not have pleaded the former judgment. In such case the estoppel must have been pleaded and proven by the defendant. Neither is it denied that *immaterial* averments need not be proved. The contention here is that the plaintiffs have undertaken to avoid the effect of the former judgment, and by their form of pleading have assumed the burden of proof. The question is, what were plaintiffs, under their form of pleading, required to give evidence of in the first instance? Is it not true that at the close of plaintiffs' case it must have been made to appear *prima facie* that the claims sued on were *not* identical with those included in the former suit? Under the pleadings the defendant could and must introduce evidence to rebut plaintiffs' claim that the causes of action were not identical. This without reference to his affirmative defense of estoppel, *unnecessarily* pleaded. Suppose defendant had not set up the estoppel, could he not have introduced the same evidence under his denials to meet plaintiffs' evidence? An affirmative answer decides this appeal. I submit, the case is not within the rule as to immaterial allegations; because, first, the plaintiffs have made all the alleged matters material by so connecting and interweaving them together as to leave their cause of action dependent upon

them ; and because, second, the avoidance of the effect of the former judgment is not wholly *foreign or irrelevant to the cause.* On the contrary, the question whether the causes of action in this suit were identical with that in the former case is very relevant and material. None the less so because the plaintiffs, if so disposed, might have left the plea and proof to defendant. .I suppose a privilege of this kind may be waived as well by pleading as in any other way. The plaintiffs, having assumed the affirmative, should be held to it. (Steph. on Pl. 425 ; Chitty on Pl. 229 ; Bliss on Code Pl. sec. 215; *Dickensheets* v. *Kaufman*, 28 Ind. 251.)

II. Suppose the plaintiffs at the trial, having introduced their stipulation that two hundred and sixty-eight and one-half cords had been cut and shipped, and the record of the former suit had failed to make any proof that this wood was not included in the former action, would not the defendant have been entitled to judgment of non-suit? This seems perfectly clear, notwithstanding an estoppel was pleaded, because the issue is tendered by the plaintiffs and fully met by the denials. (Whart. on Ev. sec. 357 ; *Union Bank* v. *Ridgly*, 1 Har. v. Gill 417 ; *Burgess* v. *Lloyd*, 7 Md. 198 ; 6 Mod. 218; see, also, as reflecting upon the question : *M'Clure* v. *Pursell*, 6 Ind. 330 ; *Kent* v. *White*, 27 Ind. 390 ; *Vieths* v. *Hagge*, 8 Iowa 163 ; *Stevenson* v. *Marony*, 29 Ill. 532 ; *Brown* v. *Kentfield*, 50 Cal. 129 ; *Cowing* v. *McFarlan*, 12 Pittsburg Legal Jour. 411.)

*Robt. M. Clarke* and *Trenmor Coffin*, for Respondents :

I. The *order of proof* is a matter resting solely within the discretion of the lower court, and is not subject to review. (1 Greenl. on Ev. sec. 74, note 3, and authorities there cited ; *York* v. *Pease*, 2 Gray 283.) The burden of proof is upon the party making the allegation, or if the allegation is made by both parties, burden of proof is upon the party whose cause would be injured or destroyed by striking it from the record. (Greenl. on Ev. sec. 74, and notes and authorities there cited ; *Spaulding* v. *Hood*, 8 Cush. 605–6 ;

*Blanchard* v. *Young*, 11 Cush. 345 ; *Central Bridge Co.* v. *Butler*, 2 Gray, 132 ; *Powers* v. *Russell*, 13 Pick. 76–7 ; *Wilder* v. *Cowles*, 100 Mass. 487 ; 1 Taylor on Ev. sec. 338 ; *Mills* v. *Barber*, 1 Meeson & Welsby 427.) If the entire allegations concerning the former suit and recovery were stricken from the record it would still show a complete cause of action for plaintiffs, but absolutely no defense.

By the Court, LEONARD, J. :

This action was brought by plaintiffs to recover the sum of two thousand two hundred and fifty dollars, alleged to be due from defendant for cutting, splitting and delivering six hundred cords of wood under a contract executed by defendant and one Hugh Porter, which contract, before its completion, with the knowledge and consent of defendant, was assigned and transferred to plaintiffs for a valuable consideration. By the terms of the contract, Porter agreed to cut, split and deliver cord wood to the defendant at the Ophir dump, upon the cars of the Virginia & Truckee railroad, at the price of three dollars and seventy-five cents per cord, payable when sales were made and returns of sales received. It is not denied that by the assignment plaintiffs acquired all of Porter's rights under the contracts. Instead of being satisfied with a statement of facts sufficient to authorize a recovery, plaintiffs inserted in their complaint many averments that were not necessary in stating their cause of action. They not only allege the terms of the contract, the assignment, a performance on their part, and the indebtedness of defendant by reason thereof, but also that on previous dates they brought an action and recovered judgment for the amount *then* due for wood delivered to defendant *before* such suit, and for which returns of sales had *before* that time been received ; that after said action was brought and tried, and after said judgment was entered, they cut, split and delivered to defendant, under said contract, and in pursuance of its terms, six hundred cords of wood, which wood was not included in said action and judgment, and which had not, at the time of said suit, been

delivered by plaintiffs to the defendant at the Ophir dump, and upon the cars of the Virginia & Truckee railroad, and which wood has, since said suit, been so delivered and sold and shipped by the defendant, and for which, and the sales thereof, defendant has, since said suit, had returns.

The complaint also contains averments to the effect that defendant is indebted to plaintiff in the sum of two thousand two hundred and fifty dollars, for six hundred cords of wood cut, split, and delivered to him by them, at the Ophir dump, upon the cars of the Virginia & Truckee Railroad; that defendant promised to pay the same upon return of sale thereof; and that return has been had.

Defendant did not move to strike out any portion of the complaint. In his answer he denies that after the former suit was brought, plaintiffs or either of them, under said contract, or any contract, either cut, split, or delivered, any wood to defendant upon the cars of the Virginia and Truckee Railroad. This denial may be considered as eliminated from the answer by the stipulation entered into between plaintiffs and defendant, which will be referred to hereafter. Defendant also denies that, " any wood, since the action and judgment aforesaid, and not included therein, and not at the time of said action delivered by plaintiffs to defendant at the Ophir dump, and upon the cars aforesaid, has been either cut, split, or delivered, by plaintiffs to defendant, or that any wood as aforesaid has been sold or shipped by defendant, or that he has had returns for any such wood or the sales thereof." He then denies plaintiffs' allegations of indebtedness, and sets up the plea of estoppel by former judgment, in due form.

The stipulation before referred to and introduced in evidence by plaintiffs is as follows: " We stipulate that two hundred and sixty-eight and one-half cords of wood, which has been cut under the contract in suit, was shipped away by Price from the Ophir dump since the former action, and said wood was at the Ophir dump, and had not been delivered to said Price on the cars of the Virginia & Truckee Railroad at the time of said former suit and judg-

ment.'' Plaintiffs had verdict and judgment for the number of cords stated in the stipulation, at three dollars and seventy-five cents per cord, less thirty-five cents per cord for loading on the cars. This appeal is from an order overruling defendant's motion for a new trial, and from the judgment.

The record shows that plaintiffs offered in evidence the judgment roll in the former suit, for the purpose of proving that the causes of action embraced in the complaint in this action were not identical with those litigated and determined in the former one. Defendant objected on the grounds that the evidence was irrelevant and immaterial to the defendant's case, and negatived the truth of the estoppel pleaded by him, and because it was not proper evidence in chief. The court overruled the objection on the ground that, under the form of pleading, if plaintiffs wished to anticipate the defense and enter upon their rebuttal, they would be permitted to do so. Plaintiffs were permitted, also, to introduce other evidence, against defendant's objection, tending to show that the parties to this and the former action were the same, and that the alleged causes of action in this suit were not identical with those determined in the former one.

After plaintiffs rested, defendant, on his part, introduced documentary and other evidence tending to prove that the claims and demands of plaintiffs in the present action were identical with those in issue and determined in the former action.

Defendant having rested, without asking or getting leave to reopen their case, plaintiffs were permitted to call a witness to contradict the defendant, who as a witness in his own behalf, had testified that at the trial of the former action evidence was given to the effect that the wood remaining at the Ophir dump had been sold and the money or returns of sale therefor received. To the question whether any such evidence was given at the former trial, defendant objected on the ground that it was incompetent, irrelevant, and immaterial, and not in rebuttal, but that it was in sup-

port of the plaintiffs' main case, under a former ruling of the court. The objection was overruled, and the witness answered that to his best recollection no such evidence was given.

The assignments of error on motion for new trial were: (1) That the court erred in permitting plaintiffs to introduce evidence in chief to negative the estoppel pleaded by defendant, and in admitting the rebutting testimony last mentioned; (2) that the court erred in giving plaintiffs' instructions one and two, and in refusing defendant's first instruction. It is not urged in argument that plaintiffs' first instruction was erroneous. We think it was correct, and shall not notice it further.

Defendant's defense was the plea of estoppel. His denials were based upon that theory of the case. The court so instructed the jury, and also charged them that, if they found from the evidence that the matters in issue in this action had been litigated and determined in the former one mentioned in the pleadings, they should find for the defendant, otherwise for the plaintiffs. On behalf of defendant the jury were told that all wood which defendant had sold, and for which he had been paid, prior to the commencement of the former action, might have been embraced and included therein; and if they found from the evidence submitted to them that the whole or any part of the wood in issue had been sold, and the money received therefor by defendant, prior to the commencement of the first action, and that evidence tending to establish such fact was given before the jury on that trial, then the former suit was a bar to any recovery in this action for any wood so in issue; that it did not matter whether the issue in the former suit, if there was one, as to the wood which had been sold, was properly or justly decided or not; that the only question for them to pass upon was whether such issue was made and determined in said suit against defendant.

Defendant's first instruction refused by the court was to the effect that before plaintiffs could recover at all, under the allegations in their complaint, the jury must find that

since the former suit and judgment, plaintiffs cut, split, and delivered at the Ophir dump, and on the cars of the Virginia & Truckee Railroad, the wood mentioned in the stipulation.

Defendant insisted in the court below, and such is his argument here, that under the contract the test of his liability, at the time the former action was brought, was whether he had then received returns of sales of wood, although it had not been shipped or delivered on the cars. At his request the court so charged the jury. He cannot now complain because the court adhered to that construction of the contract, which is undoubtedly the correct one.

Plaintiffs' second instruction was to the effect that the burden of proof was upon defendant to show by a preponderance of evidence that the contract price for the wood sued for was recovered in the former action. Counsel for defendant does not deny that immaterial averments need not be proved. He admits that it was not necessary for plaintiffs to allege that the matters in issue in this action were not included in the former one, or aver facts showing that they could not have been. He concedes that if plaintiffs had alleged only what was necessary and proper to constitute their cause of action, defendant would have been obliged to allege and prove the facts constituting the estoppel claimed. But he contends that plaintiff undertook to avoid the effect of the former judgment by their form of pleading, and thereby assumed the burden of proof. We do not think so. A plaintiff must prove allegations that are essential to recovery (*Greenfield* v. *Life Ins. Co.* 47 N. Y. 436), but he is not bound to prove what goes merely to support the defense. (*Morgan* v. *Wattles*, 69 Ind. 265.)

The civil practice act provides that "the complaint shall contain a statement of the facts constituting the cause of action in ordinary and concise language," and, if the complaint be verified, the answer shall contain—"*First*, a specific denial to each allegation of the complaint, controverted by the defendant, or a denial thereof according to

his information and belief.   *   *   *''   (Sec. 39.)   This
evidently means *material* allegations; that is to say, allega-
tions essential to the plaintiff's claim, and which could not
be stricken from the complaint without leaving it insuffi-
cient; allegations which the plaintiff must prove on the trial
in order to maintain his action.   (*Hubler* v. *Pullen,* 9 Ind.
275; *Baker* v. *Kistler,* 13 Ind. 63; *Canfield* v. *Tobias,* 21
Cal. 350; *Fry* v. *Bennett,* 5 Sandf. 64; Bliss, Code Pl.,
359.)   The answer shall contain—"*Second,* a statement of
any new matter or counter claim, constituting a defense, in
ordinary and concise language."   (Sec. 46.)   "Every ma-
terial allegation of the complaint, when it is verified, not
specifically controverted by the answer, shall, for the pur-
poses of the action, be taken as true.   The allegation of
new matter in the answer, shall, on the trial, be deemed
controverted by the adverse party."   (Sec. 65.)   "A
material allegation in a pleading is one essential to the
claim or defense, and which could not be stricken from the
pleading without leaving it insufficient."   (Sec. 66.)

Where a party grounds his right of action upon a nega-
tive allegation he must prove it.   It is then material, and
a denial raises a material issue.   But it is otherwise if he
inserts in his complaint a negative allegation which he need
not prove in order to make out a *prima facie* case.   Plain-
tiffs were not obliged to prove that this wood was not
included in the former action.   If a plaintiff, in an action
upon a contract, should allege that the defendant, when he
executed it, was not an infant or lunatic, he need not prove
the allegation.   It would be immaterial to his cause of
action.   A failure to deny it would not be an admission of
its truth, and, being new matter, its mere denial would
neither compel the plaintiff to prove it, nor enable the
defendants to establish the fact that he was one or the other.
Defendant's plea of estoppel was new matter, and he was
bound to plead and prove it.

Said the court, in *Northrup* v. *Mississippi Valley Ins. Co.*
47 Mo. 444:   "Under the old system, by pleading the
general issue, everything was open to proof which went to

show a valid defense. But the practice act, which has substituted for the general use an answer, and requires a statement of any new matter constituting a defense, in addition to a special denial of the material allegations of the petition intended to be controverted, has worked a complete and total change in the principles of pleading. The defendant, by merely answering the allegations in plaintiff's petition, can try only such questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely upon new matter which goes to defeat or avoid the plaintiff's action, he must set forth in clear and precise terms each substantive fact intended to be so relied on. It follows that whenever a defendant intends to rest his defense upon any fact which is not included in the allegations, necessary to the support of the plaintiff's case, he must set it out according to the statute, in ordinary concise language, else he will be precluded from giving evidence of it upon the trial.''

To the same effect, see *Stevens* v. *Thompson*, 5 Kan. 311; *Benedict* v. *Seymour*, 6 How. Pr. 299; *Edson* v. *Dillaye*, 8 How. Pr. 274; *A. & N. R. R.* v. *Washburn*, 5 Neb. 124; *Coles* v. *Soulsby*, 21 Cal. 50; *Catlin* v. *Gunter*, 1 Duer 265; *Allen* v. *Reilly*, 15 Nev. 453; *McKyring* v. *Bull*, 16 N. Y. 304; *Brazill* v. *Isham*, 12 N. Y. 17; Moak's Van Santv. Pl. 548, 559, 582; Pom. Rem. 660; *Paige* v. *Willitt*, 38 N. Y. 31; *Bedell* v. *Carll*, 33 N. Y. 583; *Conaughty* v. *Nichols*, 42 N. Y. 87.

If plaintiffs had offered no evidence that the contract price of two hundred and sixty-eight and one-half cords of wood was not, and could not have been, included in the first action, they would not for that reason have failed. It would have been error, therefore, if the court had instructed the jury that the plaintiffs could not recover unless it appeared by a preponderance of evidence that this wood was not included in the former action, or to have granted a nonsuit if plaintiffs had failed to prove that fact. If defendant had simply denied that the contract price of this wood was included in the first action, plaintiffs would have been entitled to judgment. A cause of action would have been conceded

on the record. Nor were the material and immaterial averments inserted in the complaint so interwoven as to be incapable of separation. We think the court properly instructed the jury as to the burden of proof.

Such being the case, we must consider whether the court erred in permitting plaintiffs to anticipate the defense by adducing evidence tending to show that the cause of action in this case was not identical with that in issue and determined at a prior date. Although defendant's defense was the plea of estoppel, and though his denials of the material allegations contained in the complaint were based upon that theory of the case, still, by reason of such denials, plaintiffs were compelled to introduce evidence in order to make out a *prima facie* case. "If the record contains several issues, and the plaintiff hold the affirmative in any one of them, he is entitled to begin; as if, in an action of slander for charging the plaintiff with a crime, the defendant should plead not guilty, and a justification. For wherever the plaintiff is obliged to produce any proof in order to establish his right to recover, he is generally required to go into his whole case, according to the rule above stated, and therefore is entitled to reply. How far he shall proceed in his proof, in anticipation of the defense on that or the other issues, is regulated by the discretion of the judge, according to the circumstances of the case, regard being generally had to the question whether the whole defense is indicated by the plea with sufficient particularity to render the plaintiff's evidence intelligible." 1 Greenl. Ev. 94; and see note to this text, where it is said: "In *Brown* v. *Murray*, Ryan & M. 254, Lord Chief Justice Abbott gave the plaintiff his election, after proving the general issue, either to proceed with all his proof to rebut the anticipated defense, or to reserve such proof till the defendant had closed his own evidence, only refusing him the privilege of dividing his case into halves, giving part in the first instance and the residue after the defendant's case was proved." See, also, *Chadbourn* v. *Franklin*, 5 Gray 314; *Com.* v. *Moulton*, 4 Gray 40; *Morse* v. *Potter*, Id. 293;

*Comstock* v. *Hadlyme*, 8 Conn. 261 ; *Scott* v. *Hull*, Id. 303 ; *Lick* v. *Diaz*, 37 Cal. 445 ; Phil. Ev. note to p. 692 ; *Railroad* v. *Van Steinburg*, 17 Mich. 111.

The same authorities sustain the court in admitting the testimony of the witness King. Besides, it was strictly in rebuttal, and could not have been given until after the defendant had testified.

We find no error in the record, and the judgment and order appealed from are affirmed.