## HIGGINS *v.* WORTELL *et al.*

WHERE the complaint, verified, avers that defendant is indebted to plaintiff for goods, wares and merchandise sold and delivered, in the sum of eight hundred and twenty-eight dollars and sixteen cents, and the answer denies that defendant is indebted in the sum of eight hundred and twenty-eight dollars sixteen cents as is set out in said complaint : *Held*, that the denial is insufficient.

Where a note is executed for the amount of an account, without any agreement that the account is thereby satisfied or discharged, the only effect of the note is to extend the time of payment. Upon failure to pay at the maturity of the note, a right of action accrues upon the account as well as on the note.

It is not essential to the certificate of a Notary to a deposition taken before him, that it state that the deposition was read over to the witness before signing. But if the certificate state that the deposition was corrected by the Notary,

Higgins *v.* Wortell.

under the direction of the witness, it is a sufficient compliance with the stat-
ute, because showing, by necessary implication, that the deposition was either
read to or examined by the witness.
A whole deposition cannot be excluded on the ground that certain questions asked
on the examination were improper. The objection to the deposition on this
ground must be confined to the particular questions, otherwise, any error in
permitting the questions will be waived.

APPEAL from the Tenth District.

The complaint, verified, avers, in substance, that Feb. 17th,
1859, defendants, as the firm of Wortell & McDonald, being in-
debted to Sloss & Co. eight hundred and twenty-eight dollars and
sixteen cents, upon a balance of account for goods, wares and mer-
chandise sold and delivered by said firm of Sloss & Co. to said
defendants, and which sum they promised to pay, etc., Sloss & Co.
assigned said account and indebtedness to plaintiff; that in consid-
eration of said indebtedness, defendants executed and delivered to .
plaintiff their promissory note as follows, to wit:

" $828.16.                    " SACRAMENTO, Feb. 17th, 1859.

" One day after date, for value received, we, or either of us,
promise to pay to the order of Felix B. Higgins eight hundred and
twenty-eight dollars and sixteen cents ; the same being for balance
of account due from us to Louis Sloss & Co., and assigned by them
to said Higgins. (Signed.) F. WORTELL & McDONALD."

Which note and sum of money, long since due, defendants have
failed to pay. Wortell made default. McDonald answered, deny-
ing his partnership with Wortell at the time named ; and denying
" that as such firm they were indebted to the said Louis Sloss &
Co. in the sum of eight hundred and twenty-eight dollars and six-
teen cents, as is set out in said complaint; or that he ever exe-
cuted the note, or that Wortell had any authority, as partner or
otherwise, from him to sign his name.

The point as to the depositions arose in this way. On the trial,
plaintiff offered in evidence the depositions of Louis Sloss and E. B.
Crocker, which were objected to by defendant McDonald " on the
ground of the insufficiency of the Notary's certificate attached
thereto, and the objections stated in said depositions at the time of
the taking the same to the questions and answers therein." Ob-
jections overruled ; defendant excepting ; and depositions read.

Higgins *v.* Wortell.

The certificate of the Notary—after stating that the witnesses appeared before him, and were duly sworn, etc.—runs : "were examined by George Cadwalader, of counsel for defendant, and A. S. Higgins, for plaintiff, and the testimony by me reduced to writing, and by me corrected as by them requested, when the same were severally subscribed by the respective witnesses, in my presence, and by me duly attested."

The Court below found for plaintiff as to the substantial allegations of the complaint; and, as to the partnership, that defendants were partners, and as such, indebted to Sloss & Co. in the sum claimed in the fall of 1858; but that the firm was dissolved, and that Sloss & Co. had notice of the dissolution in September, 1858, and gave judgment accordingly.    Defendant McDonald appeals.

*C. E. Filkins*, for Appellant.

1. The certificate of the Notary should state that the depositions were read over to the witnesses before signing.  (*Williams* v. *Chadbourne*, 6 Cal. 559 ; 2 Id. 383 ; Id. 25.)    The questions put in the depositions were irrelevant, being as to the account, while the suit was on the note.

2. The acceptance of the note by plaintiff, a third party, discharged the partnership debt.  (*Isler* v. *Baker*, 6 Humph. 85 ; *Fenn* v. *Goodrich*, 2 Johns, 213 ; *Frisbie* v. *Larned*, 21 Wend. 450 ; 24 Ala. 439 ; Story on Part. sec. 155.)

*Heydenfeldt*, for Respondent.

1. The plaintiff, if not entitled to recover upon the note, is entitled to recover upon the account.    The giving the note is no payment of the account; and there is nothing in the record to show that it was so intended or accepted.  (*Griffith* v. *Grogan*, 12 Cal. 317.)

2. The answer contains no sufficient denial of the indebtedness, and plaintiff was entitled to judgment upon the pleadings.    But if not, then the finding is conclusive of every fact necessary to support the judgment.

3. The certificate of the Notary shows substantially that the depositions were read to the witnesses.

4. The action is upon the account, because it is set out, and the breach is as well for the nonpayment of the account, as for the nonpayment of the notes.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

There is no sufficient denial in the answer of the account upon which the plaintiff sues. The pleadings are verified, and the complaint alleges that the defendants are indebted, etc., for goods, wares and merchandise, sold and delivered to them at their request. The answer denies that they are indebted in the amount stated, but specifies no amount in which they admit themselves to be indebted. No effect can be given to such a denial.

The complaint shows that a note was executed for the amount of this indebtedness, but the objection that the account was thereby satisfied and discharged, is not well taken. The note appears to have been executed without any agreement upon the subject, and its only effect was to extend the time of payment. Upon failure to pay, a right of action accrued upon the original demand, as well as upon the note. The case of *Griffith* v. *Grogan* (12 Cal. 317) is conclusive of this point.

The insufficiency of the answer renders it unnecessary to examine the questions raised upon the introduction of evidence. It is proper to say, however, that even if the answer had been sufficient, the objections taken could not be sustained. The certificate of the Notary to the depositions of Sloss and Crocker, though somewhat informal, complies substantially with the requirements of the statute. It is not expressly stated that the depositions were read to the witnesses before signing, but the fact that they were either read to or examined by them appears by necessary implication. The certificate states that the depositions were corrected by the Notary under the direction of the witnesses ; and this we deem to be sufficient.

The depositions could not be excluded on the ground that improper questions had been asked upon the examination. The objection on that ground should have been confined to these particular questions ; and whatever errors may have intervened in that respect were waived by failing to take the objection in the proper manner. Judgment affirmed.

A petition for rehearing was filed, calling the attention of the Court to a stipulation in the record, that defendant McDonald might

amend his answer by inserting after the words " as is set forth in said complaint," the words " or in any other sum whatever."

Upon this petition COPE, J. delivered the opinion of the Court— BALDWIN, J. concurring.

The petition for a rehearing must be denied. The stipulation referred to is perhaps sufficient to cure the defect pointed out in the answer, but the opinion shows that independent of this there is nothing in the appeal. Petition denied.