## WELLS v. McPIKE et al.

In answer to a verified complaint in assumpsit a denial of the indebtedness merely, without a denial of the facts which show the existence of the indebtedness, is but a denial of a conclusion of law and raises no issue.

The admission by the Court, under the objection of defendants, of improper evidence offered by plaintiff to prove a fact alleged in his complaint and not denied in the answer is no cause for granting a new trial.

APPEAL from the Fifth Judicial District.

The complaint avers, that on the twenty-first day of June, 1860, "the said defendants were indebted to the said plaintiff for two hundred and sixty-six head of beef cattle, which were of the value of and for which the said defendants agreed to pay the sum of $10,010, being at the rate and price of thirty-five dollars each, which cattle had been before that time sold and delivered to the

said defendants;" that the cattle were delivered some in Utah Territory and some in Stanislaus County; that " being so indebted the defendants afterwards, on the day and year aforesaid, undertook and promised the plaintiff to pay to him the said sum of money when they should be thereto requested;" that only one hundred and ten dollars had been paid, leaving a balance of $9,900 still due, for which judgment was prayed.

The only denials in the answer are the following: " Defendants for answer to said complaint say, that they were not, nor are not, indebted to said plaintiff as alleged in said complaint; and defendants further deny that they ever promised to pay the said plaintiff the said sum of money specified in said complaint, or any other sum whatever as alleged therein, or that plaintiff ever demanded the same." The answer then proceeds to aver, that the defendants did purchase the cattle of plaintiff, and agreed to pay him thirty-five dollars per head for them, provided that plaintiff would receive in payment a United States Commissary's certificate then held by defendants, which certified that defendants had furnished to the United States military force in Carson Valley supplies amounting in value to $9,900, for which they were entitled to receive pay from the Government; that this certificate plaintiff agreed to receive in payment, whereupon, it was by written indorsement assigned to him by defendants in full satisfaction.

Plaintiff replied, denying that the certificate was received in payment, alleging that defendants fraudulently misrepresented to him its character, and offering to redeliver it to them.

All the pleadings were verified.

On the trial, plaintiff rested on the pleadings, and thereupon defendants moved for a nonsuit, which was denied. Defendants then introduced their evidence, after which plaintiff, for the purpose, as was alleged, of rebutting the presumption, arising from defendants' evidence, that the cattle were actually worth less than thirty-five dollars per head and were purchased at this price only in consideration of the character of the pay, introduced proof tending to show that the cattle were actually worth in cash the price agreed upon. To some of the evidence offered on this point defendants objected, on the ground that it was irrelevant and not proper in

proof of the point to which it was offered, which objections were overruled and exceptions thereon saved by defendants, and afterward made part of the statement on motion for new trial.

The jury found in favor of plaintiff for the amount claimed in the complaint.

Defendants moved for a new trial, and filed a statement which, as settled, did not contain any of the evidence relating to the original transfer of the Commissary's certificate, but did contain a detailed account of the circumstances occurring on the trial as to an attempted redelivery of that certificate by plaintiff's counsel to defendants.

The Court below denied the motion for new trial, and from this order defendants appeal.

*H. P. Barber*, for Appellants.

I.   The nonsuit should have been granted.   The action being *indeb. assumpsit*, and a specific denial of the indebtedness and sale being made, the plaintiff was bound to prove his entire case, and could not avail himself of any supposed admission made by defendants in a subsequent pleading.   (*Troy Railroad Co.* v. *Kerr*, 17 Barb. 581.)

Defendants do not admit or allege any sale, except with the qualification, that what respondent calls a sale was in fact a barter of the cattle for the order on the United States Government ; and on the well understood principle that the whole of an admission must be taken together, as plaintiff chose to rest his case on the pleadings alone, a nonsuit should have been granted.   While the admission in the answer embraces the receipt of the cattle, it also alleges an accord and satisfaction in payment therefor.

In the case of *Higgins* v. *Wortell*, referred to in respondent's brief, there is a mere denial of the indebtedness of a specific sum.   The answer in this case is a total denial of any indebtedness or of any sale.   The appellants' answer, as a whole, shows that nothing is due; that plaintiff had no cause of action, and, therefore, as the case was rested upon the pleadings, defendants were entitled to a nonsuit.

II.   It appears from the record that the certificates on the United States Government were duly assigned in writing to plaintiff, as we

say, in full payment—as they say, only as security. It will be observed that he offered these certificates to us at the trial by merely handing them to defendants. This, of course, was insufficient ; for as they were assigned to him in writing, it required a reassignment to vest the property in us again. (*Middleworth* v. *Sedgwick*, 10 Cal. 392.)

III.    The Court erred in permitting plaintiff to prove the value of the cattle by showing what they cost him, and what was the expense of their keeping between his purchase and the sale to us—this·was no proof of their value.

*J. B. Hall*, for Respondent.

I.    The nonsuit was properly refused. The general denial contained in the first paragraphs of the answer is insufficient to raise an issue. (*Higgins* v. *Wortell et al.*, 18 Cal. 330.)

But although effect were given to the denial referred to, it is overcome by the effect of the defendants' own sworn statements in the defense which follows—wherein the sale is admitted, and pay ment pleaded by means of the account assigned.

II.    The redelivery of the Commissary's certificate was sufficient without an assignment in writing. But whether this is true or not, nothing appears in the statement showing that its redelivery to defendants was material.

III.    The evidence offered as to value of cattle was proper. The best evidence of their value was their first cost and the expense of delivering them.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

It was not error to deny the motion for nonsuit. The answer did not deny the sale of the cattle at an agreed price, which is the cause of action set forth in the complaint. A denial of the indebtedness, without a denial of the facts which show the existence of the indebtedness, is but a denial of a conclusion of law, and raises no issue. But the denial of the indebtedness was not sufficient under the authority of the case of *Higgins* v. *Wortell* (18 Cal. 330).

Wells *v.* McPike.

The two other objections which are discussed in the briefs do not appear in the record in such a form as to be available to the defendants.    A motion was made for a new trial, but not on the ground that the verdict was against the evidence.    The plaintiff asks for a new trial because there was no offer to retransfer in writing a certain account, but the statement for a new trial does not show what proofs or, indeed, that any proofs were made at the trial in reference to that account.    The facts in regard to this account are brought forward by a special answer, upon which issue is taken by a replication, but it does not appear that any proofs were made by either party on this issue.    The statement cannot be used as a bill of exceptions in regard to this point, because it does not appear that there was any ruling made by the Court or any exception upon the subject.    In regard to the evidence about the value of the cattle, the trial, as shown by the statement, was singularly conducted. The plaintiff does not appear to have offered any proof of his cause of action, but rested upon the pleadings as he was justified in doing. But at a subsequent stage of the trial he offered proof as to the value of the cattle, although the proof was immaterial, the sale having been for an agreed price.    It is probable the parties treated the complaint as averring a sale for so much as the cattle were worth, instead of an agreed price, although the verdict is for the exact sum agreed to be paid.    But, as we have said, under the pleadings the value was immaterial, unless it became so by reason of the proof given on the special issue, and this does not appear by the statement.    If the account was taken in satisfaction, as alleged in the special answer, the value was immaterial; and so if taken only as collateral security for the agreed price, the value was immaterial.    If the denial of indebtedness could be considered as raising any issue, it does not deny the value.

Judgment affirmed.