FINLEY STEWART, appellant, v. GEORGE BUDD, ADMINIS-
TRATOR OF THE ESTATE OF JAMES B. STEWART, DE-
CEASED, respondent.

PLEADINGS. — *Answer* — *Insufficient denials.* — The respondent was sued as administrator upon a promissory note made during lifetime by the deceased, whom he represented. The complaint alleged that no part of said note had been paid except two hundred dollars in 1877, and twenty dollars in 1884, as indorsed thereon. The answer denied "that the plaintiff, or any one for him, had received from the decedent the twenty dollars to be applied on the note"; "that no part of said note had been paid except the sum of two hundred dollars"; and "that anything was due and unpaid on the note." *Held*, that said denials were insufficient; and that the last one aforesaid, denying any indebtedness, was simply a denial of a legal conclusion, and objectionable under the rule laid down in *Power* v. *Gum*, 6 Mont. 5.

ID. — *Statute of limitations.* — The answer alleged that the cause of action in the complaint was barred by the statute of limitations of the territory of Montana, to wit, chapter 3, section 41, of the Revised Statutes of the territory: *held*, that such a pleading of the statute of limitations was demurrable, inasmuch as it failed to comply with section 105, division 1, Compiled Statutes

ID. — *Insufficient defense.* — In a suit against an administrator on a promissory note of the deceased person whom he represented, it was *held*, that an allegation in the answer that an indorsement of the payment of twenty dollars on the note was made after the death of the deceased did not constitute a defense to the action.

ACTION AGAINST ADMINISTRATORS. — *Testimony* — *Section 648, division 1, Compiled Statutes, construed.* — *Held*, that in an action against the administrator of a decedent, while the plaintiff is incompetent to testify, under section 648, division 1, Compiled Statutes, the disqualification does not extend to plaintiff's wife. *Shober* v. *Jack*, 3 Mont. 353, cited.

*Appeal from the District Court, Gallatin County.*

ARMSTRONG & HARTMAN, for the appellant.

The answer admits the due execution of the note and its non-payment, since a mere denial of indebtedness, even if well pleaded, raises no issue. *Power* v. *Gum*, 6 Mont. 5; *Higgins* v. *Germaine*, 1 Mont. 230; *Wells* v. *McPike*, 21 Cal. 216. The pretended denial of indebtedness, even if material, is bad for two reasons: it is in the conjunctive, and follows the language of the complaint. *Doll* v. *Good*, 38 Cal. 287; *Fish* v. *Redington*, 31

Cal. 186. The attempt by defendant to plead the statute of limitations does not meet the requirements of our statute. See sec. 105, Code Civ. Proc. A mere allegation that plaintiff's cause of action is barred by chapter 3, section 41, of the Revised Statutes, is insufficient, inasmuch as there are five divisions, each of which contain a section 41. Statutes of limitation are privileged statutes, and must be strictly construed. *Caulfield* v. *Sanders*, 17 Cal. 569; *Shroeder* v. *Jahns*, 27 Cal. 274; *Howell* v. *Rogers*, 47 Cal. 291. Again, before the statute of limitations could be pleaded, the answer should have denied that there were any payments made on the note within six years next preceding the commencement of plaintiff's action. If defendant had properly pleaded the statute of limitations, the burden of proof was then on him, and it was clearly error for the trial court to sustain defendant's motion for nonsuit. See sec. 105, Code Civ. Proc. We think the trial court erred in excluding the testimony of Jane Stewart, a witness on the part of plaintiff. To give to section 648, Code of Civil Procedure, the construction placed on it by the trial judge would lead to an absurdity. No one could prove up a claim against an estate. Death would settle all debts. The claimant could file his claim as provided by section 151, Probate Practice Act, but a refusal of it by the administrator would end the matter, since no one could be called as a witness to establish the claim. In *Shober* v. *Jack*, 3 Mont. 351, the court, while not passing directly on the question, evidently did not construe section 648 to exclude every person as a witness where the facts transpired before the death of the deceased. The further reason assigned by the court, that the witness had an interest in the event of the suit by virtue of being the wife of plaintiff, is not well taken.

R. P. VIVION and D. C. CAMPBELL, for the respondent.

If a portion of an answer is good, a general demurrer does not lie. 4 Cal. 327; 10 Cal. 233. Reasons why the

statute of limitations is pleaded should not be stated. 18 S. C. 473; Boone on Code Pleading, sec. 69. The statute of limitations may be pleaded in the manner prescribed in section 105, Code of Civil Procedure, to wit, by stating the section relied upon; but this statute does not exclude the general method of stating the facts showing the defense, as was done in this case. When a case is tried upon the theory that the answer denies the allegations of the complaint, the plaintiff will not be permitted to raise the question in the supreme court, unless an opportunity be given defendant to amend, which was too late after issue had been joined and the trial commenced. 50 Cal. 417. Under our statute, all property acquired during coverture, as between husband and wife, is community property; and while the husband may have control of the same, yet the wife is the actual owner of her interest, and upon the death of the husband, or a dissolution of the bonds of matrimony, she cannot be divested of that interest, which may be the one half or the one third, as the case may be, and would, in either case, succeed to her share of the property, and is a party interested. Comp. Stats., pp. 399, 301; secs. 550, 551, Probate Practice Act; *Boley* v. *Griswold*, 2 Mont. 452; *Broadwater* v. *Richards*, 4 Mont. 52; Abbott's Trial Evidence, 62; 50 Cal. 420; *Griswold* v. *Boley*, 1 Mont. 545. No person can testify under our statute, when strictly construed, where the action is against the representative of a deceased person, to facts occurring before the death of the decedent. Code Civ. Proc., div. 1, sec. 648.

DE WOLFE, J. This was an action brought by plaintiff against the administrator of James B. Stewart, deceased, on a promissory note made by said Stewart in his lifetime, and one Arch McKinley, for $920. Said note was set out in the complaint, and was as follows:—

"VIRGINIA CITY, MONTANA, December 16, 1873.

"For value received, we promise to pay Finley Stewart the sum of $920 (nine hundred and twenty dollars), one year after date. Interest at the rate of one per cent per month until paid.        "J. B. STEWART.

"ARCH McKINLEY."

On which note were the following indorsements:—

"April 1, 1877.  Received on the within note two hundred dollars ($200).

"February, 1884.  Received twenty dollars, to be applied on the within note."

The complaint alleged that no part of said note had been paid except said sum of $200, paid April 1, 1877, and $20, paid February, 1884; and alleges that the balance due on the note at the time the action was brought was $2,245.60, for which sum and interest from December 16, 1877, the plaintiff prayed for judgment. The complaint also contained the averment that George Budd was, by the probate court of Gallatin County, appointed administrator of the estate of James B. Stewart, deceased; that proof of the claim sued upon had been duly made in the probate court of Gallatin County; and said claim, with evidence of its correctness, was presented to said administrator for allowance, and was, by said administrator, rejected on the 7th of January, 1888. To this complaint the defendant filed the following answer: "And now comes the above-named defendant, and for answer to plaintiff's complaint in this cause filed, denies, on his information and belief, that in the month of February, 1884, or at any time whatever, or at all, the plaintiff, or any one else for him, received from the decedent named in said complaint, or from any one else for him, the sum of twenty dollars, to be applied on the payment of said note; denies, on his information and belief, that no part of said note has been paid, either principal or interest, except the sum of two hundred dollars, paid on

the first day of April, 1887; denies, on his information and belief, that there is now due and unpaid on said note the sum of $2,245.60, with interest from December 16, 1887, or any sum whatever. The said defendant, further answering, and for a complete defense to plaintiff's cause of action herein, avers that if any cause of action the plaintiff ever had by reason of the execution of the note mentioned in his said complaint, it is barred by the statute of limitations of the territory of Montana, to wit, chapter 3, section 41, of the Revised Statutes of said territory. The defendant, further answering, avers, on his information and belief, that if any indorsement of the sum of twenty dollars received in February, 1884, or at any other time, was ever made on said note, said indorsement was fraudulently made thereon, or caused to be made thereon, by the plaintiff herein, after the death of J. B. Stewart, deceased, named in said complaint, without the knowledge of the above-named defendant, and with a view to reviving an illegal claim against said estate." To this answer the plaintiff filed a demurrer, on the ground that it did not state facts sufficient to consitute a defense. The court overruled the demurrer, whereupon plaintiff filed a replication, in which he admitted the indorsement of the twenty dollars received in February, 1884, was caused to be made after the death of James B. Stewart, but denied that it was made fraudulently, or for the purpose of reviving an illegal claim, but averred that the omission occurred through inadvertence. Thereafter, on April 14, 1888, the defendant filed a motion for judgment on the pleadings. On the 16th of April, the plaintiff also filed a motion for judgment on the pleadings, which was overruled by the court, and exception taken to the ruling. On the trial of the cause, the plaintiff offered to prove, by Jane Stewart, wife of plaintiff, that James Stewart, deceased, paid the plaintiff, on the note in controversy, twenty dollars in February,

1884; but the court held the evidence incompetent, for the reason that the transaction occurred before the death of James Stewart, and because the witness was the wife of plaintiff, and for this reason was a party in interest. Exception was taken to the ruling of the court excluding this evidence, and thereupon plaintiff rested. The defendant then made a motion for a nonsuit, that the evidence was not sufficient to sustain the allegations of the complaint. This motion the court sustained, and rendered judgment in favor of the defendant for costs, amounting to $54.95. A motion for a new trial was afterwards made on bills of exceptions to the several rulings mentioned, which motion was denied by the court, and an appeal thereafter taken to this court.

The first question presented by this record is, Did the court err in overruling the demurrer to the answer of the defendant? Section 89 of the Code of Civil Procedure states what the answer must contain. These requirements are: "1. A specific denial of the material allegations of the complaint controverted by the defendent; 2. A statement of new matter constituting a defense or counterclaim. If the complaint be verified, the denial of each allegation controverted must be specific, or be made positively, or according to the information and belief of the defendant." In *Doll* v. *Good*, 38 Cal. 290, the supreme court of that state says: "The rules of pleading under our statute are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth; and whenever the defendant fails to make such a denial, he admits the averment"; citing other authorities. Did the answer in this case fulfill these requirements? We think not. It is, throughout, a skillful evasion of the allegations of the complaint, rather than a specific denial of them. Take the first denial as an illustration. It denies that the

plaintiff, or any one for him, received from the decedent the twenty dollars to be applied on the note. This is not a denial of the allegation of the complaint that twenty dollars was paid on the note at the time alleged. So, likewise, the denial that no part of said note has been paid, except the sum of two hundred dollars, is in legal effect an admission that the note has not been paid in full. It is at most only equivalent to saying that more than two hundred dollars has been paid upon it. The denial that anything is due and unpaid on the note is not an allegation of payment, but only a denial of indebtedness, which this court, in *Power* v. *Gum*, 6 Mont. 5, 9 Pac. Rep. 575, held was a denial of a legal conclusion, and raised no issue. The same rule is laid down in the case of *Higgins* v. *Wortell*, 18 Cal. 333, wherein the court says: "The pleadings are verified, and the complaint alleges that the defendants are indebted, etc., for goods, wares, and merchandise sold and delivered to them at their request. The answer denies that they are indebted in the amount stated, but specifies no amount in which they admit themselves to be indebted. No effect can be given to such a denial." Also, in *Wells* v. *McPike*, 21 Cal. 219, the court says: "A denial of indebtedness, without a denial of the fact which shows the existence of the indebtedness, is but a denial of a conclusion of law, and raises no issue." Neither is the plea of the statute of limitations, attempted to be set up in the answer, properly pleaded. The statute requires this to be done by stating generally "that the cause of action is barred by the provision of section [giving the number of the section and the subdivision thereof, if it is divided, relied upon] of the Code of Civil Procedure." This was not done; but the allegation is, that the action was barred by the statute of limitations of Montana Territory (chapter 3, section 41, of the Revised Statutes of the territory). It does not mention the Code of Civil

Procedure, or refer to any of the subdivisions of section 41 of the code, as required in pleading the statute. This ground of demurrer may appear technical and refined, but we are to consider this answer as under objection, and as attacked by a hostile demurrer, and its effect and sufficiency as a pleading must be determined by the rules relating to a pleading thus called in question, and judged by those rules, we think the answer in this respect demurrable.

The remaining allegations of the answer, that the indorsement of the twenty dollars made on the note was not made until after the death of James B. Stewart, the maker of the note, was clearly not a good defense to the action. We are therefore of the opinion that the demurrer to the answer should have been sustained; and as the case must be reversed on this account, we might properly decline to consider any of the other errors alleged. But as the cause will probably be again tried in the district court, we will briefly consider one other point raised by the record, and alleged as error. This was the ruling of the court in refusing to permit Jane Stewart, wife of the plaintiff, to testify as to the payment of the twenty dollars alleged to have been paid on the note in February, 1884. The exclusion of this evidence is put by the court on the ground that the facts proposed to be proven by the witness occurred before the death of James B. Stewart, and on the further ground that the witness was incompetent to testify on account of interest. We think the exclusion of the evidence was wrong on both grounds. Section 648 of the Code of Civil Procedure is the one that defines what persons are incompetent to testify in a case like the present. The first part of that section is as follows: "No person shall be allowed to testify, under provisions of the last section, where the adverse party, or the party for whose immediate benefit the action or proceeding is prosecuted or defended, is

the representative of a deceased person, when the facts
to be proved transpired before the death of such deceased
person." This section no doubt rendered the plaintiff
incompetent to testify in the cause, but the disqualifica-
tion did not extend to his wife. She was not an adverse
party in any sense, nor can it be said that she was dis-
qualified by reason of interest. As the wife of the plain-
tiff, her interest was too remote and contingent to
disqualify her from testifying in the case, assuming that
interest works a disqualification, which it does not under
the laws of the territory. This opinion finds support in
the decision of this court in the case of *Shober* v. *Jack*,
3 Mont. 353. The case must be reversed, with instruc-
tions to the district court to sustain the demurrer.

*Judgment reversed.*

McCONNELL, C. J., concurs. BACH, J., concurs on the
last ground.