*8 6 -1 / 4.* ISAAC HARTMAN, RESPONDENT, *v.* ISAAC WILLIAMS, APPELLANT.

JUDGMENT, BY DEFAULT.—A final judgment by default, can properly be rendered upon an unliquidated demand, where the defendant has been notified in the summons, of the amount for which the plaintiff will take judgment.

APPEAL from the Tenth Judicial District.

. The complaint was for the violation, by the defendant, of a verbal contract, alleged to have been entered into by the defendant, to employ the plaintiff and his wife, in the defendant's service, and find them house-room and board for one year. The breach complained of, was the discharge of the plaintiff and his wife from defendant's service prior to the expiration of the year, by which the plaintiff suffered damages—himself and wife having been thrown out of employment, and deprived of board and shelter, and injured in various and divers ways, to the amount of $3,711 75.

The summons informed the defendant that, if he failed to appear and answer, the plaintiff would take judgment for said sum of $3,711 75. It was served out of Los Angeles County, but within the Judicial District, October 1st, 1853. Judgment was taken November 11, 1853, against the defendant, for want of an answer, for the sum of $3,711 75.

The defendant appealed.

*Halleck, Peachy, Billings & Park,* for Appellant.

The judgment was erroneously taken. It was a plain case of unliquidated and uncertain damages, and proof of the amount *should have been taken, in [255] conformity with the second subdivision of section 150 of the Practice Act, Com. Laws, 545.

In New York, under a similar statute, the judgment would be irregular. (Whittaker's Practice, 452, *Flynn* v. *Hudson R. R. Co.;* 6 Pr. Rep. 308.)

*Scott & Granger,* for Respondent.

There are two modes of taking judgment. The first is by the Clerk; the second is by application to the Court. To the judgment to be entered by the Clerk, certain requisites are necessary:

1st. The action must be upon contract.

2d. For money or damage. So in all cases, where the action is other than for money or damages, which is always

given in money, and arising upon contract, application must be made to the Court for relief. (See Practice Act, § 150.) The issuing of the summons is also governed by the same rule. (See Practice Act, § 25.) The summons in this case notified defendant that judgment would be taken against him, if he failed to appear and answer, and states the amount for which judgment would be taken. Respondent contends that, in all cases like the one at bar, judgment must be entered by the Clerk; that any other judgment would be bad; that in all cases arising upon tort, or for the recovery of property, or money, or for other relief, application must be made to the Court for relief. Respondent further submits that, in all cases, the question must first be submitted to the District Court, before an appeal is taken, and the appeal taken from the decision of the Court, and not from the entry of judgment entered by the Clerk.

(See Practice Act, § 68; see also, chap. 11, art. I, clause 4 of § 816 of an Act passed May 19th, 1853, "an Act Concerning Courts of Justice and Judicial Officers," Comp. Laws of Cal. p. 753.)

. Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The only question necessary to consider, is whether a judgment, final by default, can be rendered properly [256] upon an *unliquidated demand. The practice is a new one, and appeared, at first, unfavorably. Upon an examination, however, of section 150 of the Practice Act, there remains no doubt as to its correctness, and when it is generally understood, we see no danger to be apprehended from it. The defendant being notified in the summons, of the amount for which the plaintiff will take judgment, is saved the necessity and expense, if he has no defense, of appearing to the action, to protect himself against an improper recovery; while, on the other hand, the plaintiff avoids the delay and trouble of resorting to a writ of inquiry, for the purpose of having his damages assessed.

Judgment affirmed.