[No. 3,448.]

## HUSTON *v.* THE TWIN AND CITY CREEK TURN-PIKE ROAD COMPANY.

IMPLIED FINDINGS OF FACT.—Where there is substantial conflict in the evidence a finding in support of the judgment will be implied.

DAMAGES—INSUFFICIENT DENIAL.—In an action for damages a denial in the answer that the plaintiff has suffered damage in the exact sum claimed in the complaint, is insufficient.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Bernardino.

The defendant, incorporated under the name of the Twin and City Creek Turnpike Company, constructed a turnpike toll road in San Bernardino County, from the residence of Ballard Wall, south of Twin Creek, up the dividing ridge between Twin Creek and City Creek to the top of the mountain near Bear Springs. On the 15th of January, 1871, the plaintiff, while engaged in filling a contract for the delivery of lumber, made with the City of San Bernardino and the Southern California Colony Association, sent a wagon drawn by eight gentle oxen, and laden with lumber, over the road. From the effects of the rains and melting snow a solid piece of earth had broken loose from the side of the mountain and slid down to the road at a place where the grade was narrow, some of the earth crumbling up and falling into the road. A portion of the loose earth had been removed, though not all of it. The team was driven past the slide, and, as the wagon was passing, the slide started, and striking the wagon pushed it and the team off the road and precipitated them down the steep mountain side. The company had but one man employed to take care of the road and collect the tolls. The plaintiff brought this suit for damages and recovered judgment for eight hundred dollars. The complaint averred "that on the 15th day of January, 1871, the defendant carelessly and negligently left its

said road in a dangerous and improper state, in consequence of which a wagon and an eight-ox team of plaintiff, which his servants and teamsters were then driving along said road, laden with lumber, and for which plaintiff had paid defendant its full charges for the privilege to pass along its said road and its use for such purposes, were upset and precipitated from said road down the side of the mountain to the distance of more than two hundred feet, thereby injuring and destroying his said wagon, team, lumber, and other property of plaintiff, then and there being, to his great damage, to wit: in the sum of eight hundred dollars." The answer denied that the plaintiff had suffered damage in the sum of eight hundred dollars. The defendant appealed from the judgment and from an order denying a new trial.

*Wm. Hayes,* and *Boren, Willis & Waters,* for Appellant.

There is no testimony whatever that the team, wagon, and lumber of the plaintiff was of the value of eight hundred dollars, nor is there any averment in the complaint that they were of that or any other value. It simply avers that the upsetting of the team, wagon, etc., was *ad damnum* eight hundred dollars; in other words, general and not special damages are alleged. The answer specifically denies the averment of general damages. "They deny that plaintiff has suffered damages in the sum of eight hundred dollars." The affirmation on the one side of the amount of damages, and the denial of it on the other, must form an issue.

Subdivision two of section one hundred and fifty of the Practice Act provides that in actions not upon contract, "if no answer has been filed, * * * the action is for the recovery of damages in whole or in part, the Court may order the damages to be assessed by a jury, or if to determine the amount of damages the examination of a long account be necessary, by a reference."

It will thus be seen that even upon a default, in actions of

tort, proof must be made of the amount of damage, the default not admitting the amount to be as alleged in the complaint. If a default does not admit the amount of damages, clearly an insufficient denial in an answer cannot be held to be such an admission.

*H. C. Rolfe* and *J. C. Caldwell*, for Respondent.

Subdivision three of section one hundred and fifty of the Practice Act requires proof to be made of the demand mentioned in the complaint, where the service of summons was by publication and no answer has been filed. But in this case summons was personally served and an answer filed.

If defendant had not answered the plaintiff would have been entitled to judgment upon the complaint without further proof. (*Hartman* v. *Williams*, 4 Cal. 254; *Tuolumne Redm. Co.* v. *Patterson*, 18 Cal. 415, 416.)

The answer denies that plaintiff has suffered damages in the sum of eight hundred dollars. This (denying specific amount) was no denial at all and no proof of damages was necessary. (*Higgins* v. *Wortel*, 18 Cal. 330; *Patterson* v. *Ely*, 19 Cal. 28.)

By the Court, NILES, J.:

It sufficiently appears from the evidence that the injuries complained of were caused by the culpable negligence of the defendant in either the construction or maintenance of its road, and that there was no lack of due care upon the part of the drivers in the driving and management of the plaintiff's oxen at the time that the slide which occasioned the damage occurred. Upon the question whether the defect in the road was evidently of such a character that a prudent man in the exercise of ordinary care would not have attempted to pass over it, the testimony was substan-

tially conflicting, and a finding in favor of the judgment will be implied.

No proof of damages was required, as no issue was made upon that point. A denial that the plaintiff has suffered damage in the exact sum claimed by him is insufficient. (*Higgins* v. *Wortel,* 18 Cal. 330.)

Judgment and order affirmed.