[No. 706.]

## JAMES PAYNE SMITH, Respondent, *v*. HENRY LEE, Appellant.

Allegations of Complaint not Denied in the Answer.—Where the complaint alleges that defendant agreed to pay plaintiff four dollars per day for his services, and the answer does not deny that allegation, no issue is presented by the pleadings as to the value of plaintiff's services.

Instructions where no Injury Occurs.—Where it clearly appears that appellant was not injured by the refusal of the court to give certain instructions asked by him, it is unnecessary for this court to decide whether said instructions are correct or not.

Rules of Court—How Enforced.—It is doubtful if the district court could enforce a rule of court that was not formally recorded in the minutes and published for thirty days, as by law required. This question referred to but not decided.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*David E. Bailey*, for Appellant.

The court erred in refusing to give the instructions asked for by appellant. Both of the instructions state the law as applicable to this case. There was a conflict in the evidence, and respondent had a right to ask the court that the plaintiff must establish any fact by a preponderance of evidence, and that if five hundred and eleven dollars was all that was due, then the jury must find for the defendant. The only reason assigned for the refusal to give the instructions was, that the same had not been offered before the commencement of the opening argument of the plaintiff's counsel. It will not be contended that there was any rule of court on this subject, but simply that it had been, and was, the practice of the court to require certain things to be done. Courts have power to adopt rules not in conflict with law, but such rules must be made in accordance with the statute. (1 Compiled Laws, Sec. 930.) Practice or custom cannot make the rule; but it must be adopted and published in conformity with the provisions of the statute.

*Thomas Wren*, for Respondent.

I. The court properly refused to give the instructions asked. Instruction No. 1 is not properly qualified. It, in effect, assumes that the defendant is required, to entitle him to recover, to establish all matters of fact alleged by him—those admitted by the answer as well as those denied—and in this respect calculated to mislead the jury. It is too general. The instructions were not handed to the judge in time. (*Waldie* v. *Doll*, 29 Cal. 561; *People* v. *Keefer*, 18 Cal. 636.)

II. Defendant's instruction No. 2 was properly refused for the reason that no facts were proven to authorize it. (*Thompson* v. *Lee*, 8 Cal. 275; *People* v. *Hurley*, 8 Cal. 390; *Tompkins* v. *Mahoney*, 32 Cal. 321.)

By the Court, BEATTY, J.:

In this case the defendant appeals from a judgment rendered against him for three hundred and fifty-two dollars and fifteen cents, and from the order overruling his motion for a new trial. The complaint is verified and the allegations are, that the plaintiff worked for defendant two hundred and forty-three days, at defendant's request, for which he agreed to pay him four dollars per day; that his services were reasonably worth nine hundred and seventy-two dollars, which defendant promised to pay in gold coin; and that no part of the same has been paid, except one hundred and three dollars and eighty-five cents. The answer admits the performance of two hundred and thirty-one days' labor. It does not deny the promise to pay four dollars per day, but alleges that the reasonable value of the services did not exceed six hundred and eighty-seven dollars. It pleads payment, and a counter-claim, for which defendant demands judgment. Upon the issues raised by these pleadings the parties went to trial. What were the issues? The defendant, by failing to deny, admitted that he had promised to pay plaintiff four dollars per day for his services, and his denial of their alleged value became immaterial. The only allegation of the complaint, therefore, which required proof to support it, was that relating to the number of days that plaintiff worked—he claiming two hundred and forty-three, and defendant admitting two hundred and thirty-one. The plea of payment, and the counterclaim asserted in the answer, of course raised issues which the defendant was bound to maintain by affirmative proof.

On the trial the plaintiff testified to having worked two hundred and forty-three days; that defendant promised to pay four dollars per day, and that he had paid him five hundred and eleven dollars, and rested his case. The defendant testified: "I am defendant in this action. I employed the plaintiff to work for me. I agreed to pay him ninety dollars per month and board him." The only other testimony offered by the defendant was as to the value of the

plaintiff's services, and this testimony was all either ex-
cluded or stricken out by the court upon the ground that it
was immaterial.   Two of the errors assigned relate to the
exclusion and striking out of this testimony.   We think
the rulings of the district court upon this matter were cor-
rect.   If the defendant promised to pay four dollars per
day, as he admits he did, by failing to deny the allegation
to that effect, he was bound to pay at that rate although
the services may have been worth less.   The only other
error complained of is the refusal by the court to allow the
following instructions asked by the defendant: "1st. The
jury are instructed that the plaintiff, in order to establish any
matter of fact alleged by him, must prove the same by pre-
ponderance of testimony.   2d. If the jury believe from the
evidence that when the defendant paid the plaintiff the sum
of five hundred and eleven dollars, which is admitted, that
sum was all that was due from the defendant to the plaintiff,
they will find a verdict for the defendant."   The court re-
fused to give these instructions without deciding upon their
correctness, upon the ground that they were not requested
before the conclusion of plaintiff's opening argument, and
the *practice* of the court required them to be submitted to the
court and opposing counsel before the argument began in
order to entitle them to be considered.   It is doubtful if
the action of the court could be sustained upon the ground
specified.   It appears that the *practice* referred to is not
established by any rule formally recorded in the minutes
of the court and published as other rules of that court have
been.   And courts are not allowed to enforce rules of their
own making until thirty days after their adoption and pub-
lication.   (1 Comp. L., Sec. 930.)   What is requisite to the
adoption and publication of a rule of court, and whether
a long-continued practice is alone sufficient for that pur-
pose, are, however, questions which, in this case, it is un-
necessary to decide.   And whether or not the instructions
refused were correct in themselves, or liable to the criticism
of respondent, and whether they were called for, in view of
the testimony, are also questions which it is unnecessary to

decide. It is at least certain that their refusal did the appellant no harm. He had admitted two hundred and thirty-one days' work and the promise to pay four dollars per day—that is, he had admitted an original indebtedness of nine hundred and twenty-four dollars, to which he had pleaded payment and a counter-claim. The plaintiff was, on the pleadings, entitled to a judgment for nine hundred and twenty-four dollars, less such amount as was admitted or proven by way of payment or counter-claim. The defendant offered no testimony whatever of any payment or counter-claim, and the only proof of payment was the admission of the plaintiff that he had received five hundred and eleven dollars. On this testimony he was entitled to a verdict for four hundred and thirteen dollars and he only recovered three hundred and fifty-two dollars and fifteen cents.

Judgment and order affirmed.