[No. 13569. In Bank.—September 30, 1890.]

P. F. JOHNSON, RESPONDENT, *v.* D. M. VANCE, APPELLANT.

EJECTMENT — JUDGMENT IN FORMER ACTION — RES AJUDICATA — OUSTER. — A judgment in a former action of ejectment for the recovery of the east half of a section of land therein sued for, no judgment being rendered in reference to the west half of the section, the answer in the former suit having denied any possession thereof, cannot be pleaded in bar to a second action, to recover the west half of the section, the complaint in which alleges an ouster thereof after the rendition of the former judgment.

ID. — JUDGMENT UPON PLEADINGS.— When the complaint in the second action states a cause of action, and the answer contains no denials of its allegations, and relies wholly upon the bar of the former judgment, it is proper to render judgment against the defendant upon the pleadings.

ID. — DAMAGES — ADMISSIONS OF PLEADING.— When the complaint alleges damages in a certain sum by reason of the ouster averred, and the answer neither denies the ouster nor the damages, there is no issue as to damages, and it is proper in rendering judgment upon the pleadings to award to the plaintiff the amount of damages claimed, without taking proofs as to the amount.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*Amos H. Carpenter,* for Appellant.

*Baldwin & Campbell,* for Respondent.

BELCHER, C. C. — This is an appeal from a judgment entered against the defendant on the pleadings, and the case is brought here on the judgment roll. The action is ejectment. The complaint alleges that on the ninth day of October, 1888, the plaintiff was the owner and in possession of the northwest quarter, the north half of the southwest quarter, and the southwest quarter of the southwest quarter of section 31, in township 3 north, range 9 east, Mount Diablo base and meridian; and that, on the day named, the defendant entered and ousted the plaintiff from the said land, and has ever since continued to withhold the possession thereof from the plaintiff, to her damage in the sum of fifteen hundred dollars. For answer to the complaint, the defendant pleads, in bar of the action, a judgment entered in a former action between the same parties; and this is his only attempted defense. The answer alleges that the complaint in the former action was filed on the eighth day of June, 1888, and that the judgment therein was made and entered on the second day of October, 1888. It then sets out a copy of the complaint, answer, findings, and judgment, from which it appears that the plaintiff alleged in the former action that in June, 1887, she was the owner in fee-simple, and entitled to the possession, of the above-described section of land; and that afterwards, in the same month, the defendant ousted and ejected her from the possession thereof; that the defendant admitted his possession of the east half of the said section, but denied that he was ever in possession, or claimed to be in possession, or ever ousted or ejected the plaintiff from the pos-

session, of the west half of the section, except the southeast quarter of the southwest quarter thereof, which it was alleged that he owned, and was entitled to the possession of; that the court found that the plaintiff was the owner of all the land described in her complaint, except the forty acres alleged by defendant to be owned by him; and that during the time mentioned in the complaint, defendant withheld from plaintiff the east half of section 31 described in said complaint; and that judgment was entered that the plaintiff recover from the defendant possession of the east half of said section 31.

The answer then further alleges that the possession of exactly the same land is demanded in the complaint in this action, as was demanded in the complaint in the former action, and that the parties, plaintiff and defendant, are the same in both actions; that the judgment in the former action finally determined and decided that the plaintiff was the sole owner of all the land described in her complaint in this action, and that the said judgment is now in full force and effect, and binding upon plaintiff and defendant in this action; "that the defendant herein has acquired no title, and claims to have acquired no title, to any of the land described in the plaintiff's complaint herein, since the commencement of said former action for the possession of the said land in controversy; that the title to the land described in plaintiff's complaint herein, and the right of possession thereof, has become and is *res adjudicata* by and between the parties to this action, by reason of said judgment duly made and rendered in this court in favor of the plaintiff herein, and against the defendant, on said second day of October, 1888." Wherefore defendant prays that the action be dismissed, and that he have judgment for his costs. When the case was called for trial, counsel for plaintiff moved for judgment on the pleadings, and the motion was granted on the ground that none of the allegations of the complaint

were denied. The judgment was, that the plaintiff recover from the defendant possession of the demanded premises and fifteen hundred dollars, with costs.

Only two questions are presented here for decision. The first relates to the plea in bar, and the second to that part of the judgment which awards the plaintiff fifteen hundred dollars.

1. It is not controverted that a plaintiff is entitled to a judgment on the pleadings if his complaint states a cause of action, and the answer presents no defense. And it is true that a judgment rendered in an action to recover the possession of real property is, as to all matters put in issue and passed upon in the action, conclusive between the parties and their privies, and a bar to another action between the same parties or their privies where the same matters are directly in issue. (*Caperton* v. *Schmidt*, 26 Cal. 479; 85 Am. Dec. 187; *Thrift* v. *Delaney*, 69 Cal. 189.) But does that rule apply here? It must be observed that this is an action to recover possession of a part of the west half of a section, and that the judgment pleaded in bar was for the possession of the east half of the section.

The plaintiff in the former action alleged ownership of the whole section, and that she had been ousted therefrom by the defendant, but he denied that he had ever been in possession of, or had ever ousted the plaintiff from, the land here sued for; and while the court found that the plaintiff was the owner of the land here in controversy, still as to it no judgment was rendered, presumably because the court was of the opinion that the defendant's denials in regard to it were true. In this case the plaintiff alleged that the defendant entered upon the land and ousted her therefrom seven days after the former judgment was rendered, and this, not being denied, must be taken as true. Under such circumstances, how can the former judgment be a bar to this action? If it can, then the plaintiff, though having an unques-

tioned right to the possession of her property, must be denied all relief by the courts. We think it clear that the case does not come within the rule above stated, and that the action was not barred.

2. It is contended that the judgment for fifteen hundred dollars cannot be sustained, because it was for unliquidated damages, and no proofs were taken as to the amount which should be allowed. But there was no issue as to the damages alleged to have been sustained by the plaintiff, and no proofs upon the subject were therefore required. It has been so held in this state from the earliest times. (*Hartman* v. *Williams*, 4 Cal. 254; *Patterson* v. *Ely*, 19 Cal. 29; *Dimick* v. *Campbell*, 31 Cal. 239; *Huston* v. *Pike Road Co.*, 45 Cal. 550.)          •

We find no error in the record, and advise that the judgment be affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.