[No. 1428.]

H. H. BECK, PLAINTIFF AND RESPONDENT, *v.* WILLIAM THOMPSON, DEFENDANT AND APPELLANT.

1—REHEARING—NEW MATTERS NOT TO BE CONSIDERED ON.—All the points raised in the petition herein, except as to rent, are new matters, and under the decision of a line of authorities they should not be considered on petition for rehearing. Points cannot be raised for the first time on motion for rehearing.

2—PRESUMPTION—AS TO ORIGINAL ARGUMENT.—Counsel are presumed to have presented on the original argument all the grounds upon which they rely for affirmance or reversal of the judgment appealed from. Rehearing denied.

PETITION for rehearing.

*Torreyson & Summerfield*, for the petition.

*Robert M. Clarke*, contra.

By the Court, BONNIFIELD, J.:

The appellant has filed a petition for rehearing. On this appeal, the counsel for appellant presented and argued the following points, to wit: (1) The $30,000 transaction, including the $10,000 note; (2) the question of rental; (3) the question of wages. In the petition for rehearing, the second point above named (the question of rent) is again presented, as follows: "We respectfully submit, also, that this court erred, upon this appeal, in holding that there was no error in the rent account, as settled by the lower court. Nowhere in the evidence can an agreement be found that no rent was to be paid in case of destruction of the mill by fire." The evidence shows that rent was paid to Lake by Bole up to the date of the destruction of the mill, on the 10th day of October, 1881; that, on June 1, 1882, Lake and Beck received a credit for rent in the sum of $1,466 66, and that from then forward they received a credit of $400 per month, including the month of June. From October 10, 1881, to June 1, 1882, there are seven and two-thirds months. The $1,466 66 paid the rent for three and two-thirds months, leaving four months for which no rent was charged on the books by Lake & Beck to H. H. Beck & Co., and none was paid. Evidently this period of four months was the period during which the new mill was being built by Lake & Beck. It appears from the evidence that Lake did not die till more than two years after the expiration of these four months. And there is no evidence that Lake made any complaint about there being no charge made for rent for the four months, or that he claimed that rent should be paid therefor. These facts tend to show that it was agreed and understood by the parties that no rent was to be paid for the four months the new mill was being constructed. We see

no reason to change the conclusion we arrived at heretofore on the question of rent.

All the points raised in the petition, except as to the rent, are new matters, and, under the decisions of a long line of authorities, they should not be considered, on petition for rehearing. "A rehearing in the supreme court will not be granted in order to consider points not made in the argument upon which the case was originally submitted." (*Kellogg* v. *Cochran*, 87 Cal. 192.) "The supreme court will not consider a petition for rehearing that attempts to discuss the case upon grounds which were not presented in the original argument or discussed in its opinion." (*San Francisco* v. *Pacific Bank*, 89 Cal. 23.) "New questions cannot be raised for the first time on motion for rehearing." (2 Enc. Pl. & Prac. 386, and authorities cited in note 1.) "Counsel are presumed to have presented on the original argument all the grounds upon which they rely for the affirmance or reversal of the judgment appealed from." (Id., and note 2.) We fully concur with the above-named authorities.

A rehearing is denied.