ELIZABETH A. PRESCOTT *vs.* WILLIAM F. WEBSTER.

Suffolk.     November 15, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Liability of Husband for Board furnished his Wife — Instructions.*

If, in an action for board furnished to the defendant's wife, it appears that she was homeless, had been deserted by the defendant without justifiable cause, had no personal property, and had such an interest in real estate that she could not realize upon it so as to relieve her distress, a ruling that "the wife having property of her own the husband was not liable for necessaries furnished to her without his knowledge or assent by one who knew the wife's circumstances" is rightly refused, and a finding for the plaintiff is correct.

CONTRACT, for board furnished the defendant's wife. Trial in the Superior Court, without a jury, before *Bishop*, J., who refused to give a ruling requested by the defendant and found for the plaintiff; and the defendant alleged exceptions. If the ruling and refusal to rule were erroneous the finding was to be set aside and judgment entered for the defendant; otherwise, judgment on the finding.

*W. C. Wait*, for the defendant.

No counsel appeared for the plaintiff.

HAMMOND, J.     The general rule is that when the wife lives apart from her husband without any fault on her part, the husband is liable for her adequate maintenance in her station in life, and in case he fails in that duty, he is liable to any third person for necessaries furnished to the wife; *Liddlow* v. *Wilmot*, 2 Stark. 86 ; Chit. Con. (13th ed.) 238 *et seq.*; *Mayhew* v. *Thayer*, 8 Gray, 172 ; *Hall* v. *Weir*, 1 Allen, 261, and cases there cited ; and we know of nothing in our statutes respecting the relations of husband and wife to each other, and to the property of each other, which should change this rule so far as material to this case.     But the husband is not so liable if the wife has property adequate to her support.     He is liable only upon ground of reasonable necessity.     Where, however, the wife has some means, the question as to whether in any particular case her means are such as to relieve the husband from

liability for the articles furnished is generally a question of fact and not of law.  *Liddlow* v. *Wilmot,* 2 Stark. 86.  *Thorpe* v. *Shapleigh,* 67 Maine, 235.  *Hall* v. *Weir, ubi supra.*

In this case the defendant was thirty-two years of age, and his wife much older, and he had left her without justifiable cause.  It appears that at that time she was the owner of an equity of redemption of the value of $2,000 in a house in Haverhill, the rents of which were applied to payment of the interest on the mortgage and taxes, and were, during the separation, no more than sufficient for that purpose, and that she had no other property ; that upon her husband's desertion she lived alone for a time and afterwards went to live with her daughter, the plaintiff, upon the credit of the husband, at the rate of $3.50 a week, which was a reasonable rate.  It does not appear what property the defendant had, or what his station in life was.

The court declined to rule that " the wife having property of her own the husband was not liable for necessaries furnished to her without his knowledge or assent by one who knew the wife's circumstances," and having so declined, found for the plaintiff.

The wife was homeless.  She had no personal property, nor does it appear that her interest in real estate was such that she could realize upon it so as to relieve her distress.

We cannot say, as matter of law, under the circumstances, that the ruling requested should have been given.  Whether the wife's necessity was so great as to make the defendant liable was a question of fact and not of law.

*Judgment for the plaintiff.*