## WHEELER v. HURLEY

No. 2683

June 5, 1925. 236 P. 559.

1. PLEADING—"MATERIAL ALLEGATION" DEFINED.
    Material allegation is one essential to claim or defense which which could not be stricken from pleading without leaving it insufficient, and which plaintiff must prove to maintain action.

2. SHERIFFS AND CONSTABLES—MEASURE OF DAMAGES FOR FAILURE TO RETURN EXECUTION STATED.
    Measure of damages for sheriff's failure to return execution, as required by Rev. Laws, sec. 1650, is actual loss sustained, which is prima facie amount of execution.

3. PLEADING—PLAINTIFF NOT ENTITLED TO JUDGMENT FOR FULL AMOUNT OF EXECUTION NOT RETURNED BECAUSE OF DEFENDANT'S FAILURE TO DENY ALLEGATIONS AS TO VALUE OF PROPERTY.
    To recover damages from sheriff for failure to return execution, plaintiff need not allege value of property or that such value exceeded amount of judgment, and hence is not entitled to judgment for full amount of execution because of defendant's failure to deny such allegations, under civil practice act, sec. 133, as amended by Stats. 1915, c. 158, sec. 4, requiring that each "material allegation of complaint not controverted by answer be taken as true."

4. APPEAL AND ERROR—PLAINTIFF, TRYING ACTION AGAINST SHERIFF FOR FAILURE TO RETURN EXECUTION ON THEORY THAT VALUE OF PROPERTY WAS IN ISSUE, CANNOT INVOKE FOR FIRST TIME IN SUPREME COURT RULE THAT UNCONTROVERTED MATERIAL ALLEGATIONS OF COMPLAINT MUST BE TAKEN AS TRUE.
    Plaintiff, trying case against sheriff for damages from failure to return execution on theory that value of property was in issue, cannot invoke for first time in supreme court rule of civil practice act, sec. 133, as amended by Stats. 1915, c. 158, sec. 4, that each material allegation of complaint not controverted by answer be taken as true, for reversal of judgment for less than amount of execution.

See (1, 3) 30 C. J. sec. 3, p. 1387, n. 86; 31 Cyc. p. 209, n. 87; p. 210, n. 93; (2) 35 Cyc. p. 1727, n. 84; (4) 3 C. J. sec. 621, p. 725, n. 84.

APPEAL from First Judicial District Court, Storey County; *J. A. Ballard,* Judge.

Action by Carl Wheeler against Thomas J. Hurley, as Sheriff of Storey County, and another. From a judgment for plaintiff in an unsatisfactory amount, he appeals. **Affirmed.**

*Mack & Green,* for Appellant:

Each material allegation of complaint, not controverted

by answer must, for purposes of action, be taken as true. Stats. 1915, 193.

Denial that property is worth exact sum alleged in complaint is negative pregnant, and court can, upon such pleadings, in absence of further proof, find for any sum less than amount stated. If error thereby occurs it is of that infinitesimal character which can be of no injury. Blackie v. Cooney, 8 Nev. 45.

Party is entitled to benefit of admission in adversary's pleading and may without proof accept it as basis for judgment. Carlyon v. Lannan, 4 Nev. 160; Hixon v. Pixley, 15 Nev. 483.

Contrary finding would not prevail against admission. Nosler v. Haynes, 2 Nev. 56.

Proof is not necessary of fact alleged in complaint not controverted in answer. Escondido Co. v. Baldwin, 84 P. 285; Henry v. Henry, 107 N. W. 790.

Allegation of value of property was essential to fixing of any damage. Had plaintiff not alleged value of property attached how could court determine how much was loss sustained by plaintiff through sheriff's allowing other people to take away property? If counsel's contention that value of property levied upon need not be alleged, then court should have given judgment for full amount of claim and costs. 3 Sutherland, 2443; Johnson v. Vance, 24 P. 862; 17 C. J. 998; 5 Enc. Pl. & Pr. 703.

*William S. Boyle,* for Respondents:

Appellant lost right to appeal owing to respondents' objection upon motion for new trial set forth in bill of exceptions in which appellant did not present respondents with memorandum, containing verified statement of errors excepted to, after service of notice of new trial and within ten days. Rev. Laws, 5320, 5321, 5323.

Averment of value of property is not material. Sutherland Code Pl., 2443. Amount of damage need not be denied. Idem, 263.

Appellant alleged six tanks and one pump were worth $2,400. Only tanks were levied upon, and since pump

would constitute part of entire value of property, entire damage could not be $2,400. Court found value to be $175.

Where plaintiff alleges conversion of personal property and prays for double damages he is entitled to them only if proof sustains allegations. Jahns v. Nolting, 29 Cal. 507.

Defendant did not have to deny value of tanks as their value was immaterial. Van Santv. Pl. 249.

If it were matter of contract for wages due at fixed rate per day denial of wages due would not be wise but fatal. Denial of damages is different. Stats. 1915, 123; Smith v. Lee, 10 Nev. 210.

## OPINION

By the Court, SANDERS, J.:

Carl Wheeler, a judgment creditor, sued Thomas J. Hurley, sheriff of Storey County, and the Fidelity and Deposit Company of Maryland, the surety on his official bond, to recover the sum of $1,351.32 as damages for the failure of said Thomas J. Hurley as sheriff of Storey County to return an execution issued upon a judgment in the case of Carl Wheeler, plaintiff, v. Comstock Eldorado Mining and Milling Company, a corporation, defendant. The case was tried to the court without a jury. The court found for the plaintiff and rendered judgment in his favor for the sum of $175. The plaintiff, being dissatisfied with the amount of the judgment, appeals.

It is claimed in argument that under the pleadings the trial court was without power or authority to render judgment for a less sum than the full amount of the execution, to wit, $1,351.32. In support of this contention counsel for appellant state in their opening brief that the appeal is taken for the reason that the decision of the lower court is contrary to and against the law as laid down in section 133 of the civil practice act as amended by the Statutes of 1915, p. 193, which provides that:

"Each material allegation of the complaint not

controverted by the answer * * * must, for the purposes of the action, be taken as true."

Paragraph 7 of the complaint reads as follows:

"That the property levied upon, under and by virtue of said writ of execution and thereby directed to be sold by said sheriff to satisfy the said plaintiff's judgment, was of the value of $2,400, and in excess of the value specified in said writ of execution and directed to be made thereby."

Paragraph 9 of the complaint reads as follows:

"That, although more than 60 days have elapsed after delivery of said execution to the defendant and before the commencement of this action, yet he, the said Thomas J. Hurley, sheriff of Storey County, State of Nevada, as aforesaid, in violation of his duty as such sheriff failed to return the same to the damage of the plaintiff in the sum of $1,351.32, together with interest on the sum of $1,000 at the rate of 8 per cent per annum from the 26th day of January, 1923, until paid."

1-3. It is contended that the failure of the defendant to deny the allegations of paragraphs 7 and 9 of the complaint left the value of the property at $2,400; and that plaintiff was entitled to judgment on the pleading for the full amount of his debt. The question turns upon whether the allegation of paragraph 7 of the complaint is a material allegation within the meaning of the statute. A "material allegation" in a pleading is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient; an allegation which the plaintiff must prove on the trial in order to maintain his action. Gillson v. Price, 18 Nev. 117, 1 P. 459. The writer is of opinion that paragraph 7 of the complaint could be stricken and yet leave the pleading sufficient to state a cause of action for damages for the defendant's failure to return the execution, as alleged in paragraph 8, within the time prescribed. As shown by paragraph 8, damages for the failure of the defendant to return the execution is the gravamen of the complaint, and not damages for the loss of the property.

It is well settled that, where a sheriff fails to comply

with the mandate of a writ of execution there is not only a breach of duty, but the presumption arises that the plaintiff has been damaged the amount of the debt. The rule is that, for failure to return an execution, the measure of damages is the actual loss sustained, which is prima facie the amount of the execution. Sedgwick on Damages (9th ed.), sec. 556; Freeman on Executions (3d ed.), 368; 35 Cyc. 1727. Section 1650, Revised Laws, makes it mandatory upon a sheriff to whom any writ of execution shall be delivered to execute the same with diligence, according to its command, and to return it without delay to the proper court, with his certificate indorsed thereon of the manner of its service or execution, or, if not served or executed, the reasons of his failure. For a failure so to do, he shall be liable to the party aggrieved for all damages sustained by him on account of such neglect. Since the measure of damages is the actual loss sustained, which is prima facie the amount of the execution, we do not understand that in an action for damages for failure to return an execution it is essential for the plaintiff in order to maintain his action to allege the value of the property or that the value exceeded the amount of the judgment. We are therefore of opinion that the point raised is not well taken.

4. Furthermore, the plaintiff pleaded that the property levied upon was the value of $2,400 and in excess of the execution, and upon that question the plaintiff at the trial voluntarily took the burden of proof. The plaintiff gave evidence of the value of the property, and the defendant also gave evidence of its value. The cause having been tried on the part of plaintiff upon the theory that the value of the property was in issue, it is too late to invoke the rule of pleading relied upon for reversal of the judgment for the first time in this court.

Our conclusion is that the judgment must be affirmed, and it is so ordered.

COLEMAN, C. J., and DUCKER, J.: We concur in the order of affirmance for the reason last stated.