# CARROLL *v.* CARROLL

No. 2799

December 5, 1928.                    272 P. 3.

(For former opinion, see page 62 of this Report.)

*Cantwell & Springmeyer,* for Petitioners:

*Cooke & Stoddard,* for Appellant:

## OPINION

By the Court, COLEMAN, J.:

Several grounds are urged as reasons why a rehearing should be granted in this case.

It is insisted first that, in view of the fact that it was the duty of the husband, at common law, to support his wife, it was not necessary that the defendant plead the facts showing the necessity of contribution by the plaintiff.

■ This contention is now made for the first time. In fact, the defendant seems to have proceeded in the trial court upon the theory that it was necessary to plead such necessity. On no other theory can we account for the allegation wherein it was attempted to plead it. We have held that a party cannot change his position in this court. Wheeler v. Hurley, 49 Nev. 70, 236 P. 559.

■ Pursuant to a long line of authorities, this court will not grant a rehearing in order to consider a point not made when the case was presented on the original hearing. A few of the cases so holding are: Beck v. Thompson, 22 Nev. 419, 41 P. 1; Gamble v. Hanchett, 35 Nev. 319, 133 P. 936; Kirman v. Johnson, 30 Nev. 146, 93 P. 500, 96 P. 1057; Rhodes M. Co. v. Belleville Co., 32 Nev. 230, 240, 106 P. 561, 118 P. 813; Nelson v. Smith, 42 Nev. 302, 176 P. 261, 178 P. 625; Pedroli v. Scott, 47 Nev. 313–321, 221 P. 241, 224 P. 807, 31 A. L. R. 841.

However, without deciding the point, we think that under the law the contention is not well founded. Some of the authorities in point are: 13 R. C. L. p. 1201, par. 234; note IX to Hubbard v. Hubbard, 6 A. L. R. at page 70; 30 C. J. p. 1090, sec. 901; Hunt v. Hayes, 64 Vt. 89, 23 A. 920, 15 L. R. A. 661, 33 Am. St. Rep. 917; Prescott v. Webster, 175 Mass. 316, 56 N. E. 577.

Such seems to be the rule even in England. In Liddow v. Wilmot, 2 Starkie, 86, Revised Reports, 684, Lord Ellenborough said:

" * * * The first question for consideration is whether the defendant turned his wife out of doors, or by the indecency of his conduct precluded her from living with him, for then he was bound by law to afford her means of support adequate to her situation, but if either from her husband, or from other sources, she was possessed of such means, the law gives no remedy against the husband. He is liable only in case of the insufficiency of her funds."

Other points are urged in the petition, but, not having been suggested heretofore, cannot be considered.