## BLANKENSHIP *v.* BLANKENSHIP

No. 2838

September 13, 1929.                    280 P. 97.

(For former opinion see 51 Nev. 356.)

## OPINION

By the Court, DUCKER, C. J.:

The petition for a rehearing is very extensive, and a large part of it is devoted to the presentation of the point that the judgments of the California courts cannot be considered as conclusive or any evidence of the recriminatory defense on the part of the wife, which we held barred the respondent from a decree of divorce. The point is argued with great earnestness and singular dexterity; but we are unable to consider it as a ground for a rehearing, for the reason that it was not advanced in the brief of counsel for respondent on the original hearing or in their oral argument. It is true that counsel for appellant in their opening brief argued that findings and judgments of the California courts pleaded by appellant, admitted in the case and found by the trial court, conclusively proved and established the recriminatory defense set out in appellant's answer; but counsel

for respondent took no ground against this contention.

In submitting this case for decision, the sole ground urged by respondent's counsel was that this court ought to adopt the doctrine of comparative rectitude and affirm the judgment. It is true that the trial court did not render judgment on such a theory, but it was nevertheless the only point made by respondent on appeal. This court has repeatedly held that a point raised for the first time on a petition for rehearing will not be considered. Beck v. Thompson, 22 Nev. 419, 41 P. 1; Kirman v. Johnson, 30 Nev. 146, 93 P. 500, 96 P. 1057; Gamble v. Hanchett, 35 Nev. 319, 133 P. 936; Nelson v. Smith, 42 Nev. 302, 320, 176 P. 261, 178 P. 625; In Re Forney's Estate, 43 Nev. 227, 242, 184 P. 206, 186 P. 678, 24 A. L. R. 553; Pedroli v. Scott, 47 Nev. 313, 221 P. 241, 224 P. 807, 31 A. L. R. 841. A departure from this well-established rule is not advisable.

We have carefully considered the argument and authorities presented in support of the claim that we were wrong in holding that the recriminatory defense of extreme cruelty pleaded and proved by the wife operated as a bar to the husband being awarded a decree of divorce, but we see no reason to change our original conclusion.

A great deal is said in the petition about the injustice of the rule of recrimination applied by this court in this case, and it is characterized as lacking in common sense. This last observation is a very bold censure of this court in view of the fact that such a large number of the courts of this country have recognized the doctrine of recrimination, that it has come to be called the American rule. As to the injustice of this rule, one who keeps his or her hands clean of marital offenses will not be oppressed by it. Extreme cases are imagined, but it is not suggested, nor does it appear from the record, that the instant case is of such a character as to call loudly, or at all, for a relaxation of the general rule, on the ground of comparative rectitude.

However, we are persuaded, for reasons given in the original opinion, that in this state judicial recognition

of an exception to this rule cannot be authorized except by statute.

The petition for rehearing is denied.

COLEMAN, J.: I concur.

SANDERS, J., did not participate.