# STATE v. CEJA

No. 2924

April 27, 1931. 298 P. 658.

*John W. Burrows* and *Frame & Raffetto*, for Appellant:

*M. A. Diskin*, Attorney-General; *Wm. J. Forman*, Deputy Attorney-General; and *Merwyn H. Brown*, District Attorney, for the State:

## OPINION

By the Court, Coleman, C. J.:

The defendant was charged in the lower court by information with the crime of murdering one Charley Fong by stabbing him with a sharp instrument. Upon being brought into court for arraignment the court asked the defendant if he had an attorney to represent him. The defendant stated that he had no attorney, whereupon the court informed him that he was entitled to be represented by counsel and that it was the duty of the court to appoint an attorney to represent him. The defendant stated that he did not desire counsel, and consented to be arraigned without being represented by counsel. The formality of arraignment then took place, and after the information was read to the defendant and a copy thereof handed him, with the indorsements thereon, including the list of witnesses, he entered his plea of guilty to the charge. It being the duty of the court to fix the punishment and to examine witnesses, the court thereupon appointed Thomas A. Brandon, Esq., as counsel for the defendant. In due time the testimony of witnesses was taken and certain depositions were read into the record. Thereafter arguments of counsel were heard by the court. After due deliberation, the court entered an order finding the defendant guilty of murder in the first degree, and there being no mitigating circumstances, fixed the penalty at death, and accordingly made its order.

The defendant has appealed. No bill of exceptions containing the evidence is before us, only the bare court record.

The first point made by the defendant is that the

information does not state facts sufficient to constitute murder of the first degree. We cannot agree to the contention. The information is substantially in the language of section 10849, N. C. L., which provides what it shall contain. The point made was raised and disposed of by this court adversely to defendant's contention in the case of State v. Mangana, 33 Nev. 511, 112 P. 603, wherein it was carefully considered.

There is nothing to the contention that the defendant was denied a constitutional right in that he was not afforded the right of trial by jury. There was no issue to try. The plea of guilty obviated that necessity.

It is asserted that a fundamental error was committed by the court in admitting the depositions of two witnesses, in that the defendant was entitled to be confronted by the witnesses. There is no showing that any objection was made to the admission of the depositions, hence we cannot consider the point. State v. Lawrence, 28 Nev. 440, 82 P. 614. Furthermore, the so-called depositions are nothing more than testimony of two witnesses given at the preliminary hearing, which, pursuant to statute, when duly certified to, may be read in evidence under certain conditions. We must presume that the conditions existed. No right of the defendant was violated in this connection.

Considerable criticism is indulged in by counsel for the defendant because of the fact that no counsel was appointed to represent the defendant until after his plea, and of the further fact that the defendant was required to plead at the time of the arraignment, instead of on a subsequent day. Section 10886, N. C. L., provides that on arraignment a defendant must be allowed further time in which to plead, if he requires it, and section 10883 provides that upon arraignment a defendant must be informed by the court of his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel, and if he desires and is unable to employ counsel, the court must assign counsel to defend him.

Both of the provisions of the statute were complied

with, hence the defendant was not deprived of any legal right. We think, however, that in a case so serious as one involving the death penalty, and even in others in which grave consequences are involved, it is the better practice to appoint counsel before the defendant is asked to enter his plea.

It is further urged in behalf of the defendant that the court committed prejudicial error in hearing testimony of a witness whose name was for the first time indorsed upon the information by permission of the court after the witness had testified. It does not appear that any objection was made to the procedure at the time, hence, according to strict rules governing such matters, the contention cannot now be urged; however, we do not think the defendant was denied a right materially affecting his cause, in view of Stats. 1913, p. 293, which permits the calling of witnesses not theretofore learned of. We must presume that it was such a witness that gave testimony.

The contention that the court in announcing its conclusion after the hearing of the evidence, wherein it adjudged the defendant guilty of murder in the first degree, failed to find that the crime was committed in the perpetration of robbery and therefore omitted a vital act which must result in a reversal of the judgment, is without merit.

Our crimes and punishment act (section 10068, N. C. L.) provides that all murder committed in the perpetration or attempted perpetration of any arson, rape, or robbery shall be deemed murder of the first degree. A jury in bringing in a verdict in a murder case in which it is contended that the murder was committed in the perpetration of robbery, under the instructions of the court, considers the evidence, and if it finds therefrom that murder was committed in the perpetration of robbery, may bring in a verdict finding the defendant guilty of murder of the first degree, without stating in its verdict that the crime was committed in the perpetration of robbery. The finding of the existence of the robbery is a prerequisite to the fixing of

the crime as of the first degree, and hence it is not necessary that the jury state in its verdict that it finds that the crime was committed in the perpetration of robbery. The section mentioned also provides that in case of confession in open court of his guilt by the defendant the court shall proceed to examine witnesses to determine the degree of the crime. The section also provides: "Every person convicted of murder in the first degree shall suffer death or confinement in the state prison for life, at the discretion of the jury * * *; or upon a plea of guilty the court shall determine the same."

The finding by the court in the instant case that the crime was committed in the perpetration of robbery was also a prerequisite to the fixing of the crime as of the first degree, hence the finding of the court is sufficient.

It is the contention of defendant that the court in fixing the degree of the crime assumed one of the prerogatives of the jury, and, in effect, that the statute conferring that authority upon the court is in conflict with the constitution of the United States, in that the defendant was denied a trial by a jury. One weakness of the contention is in the fact that there was no issue to try. That was eliminated by the plea of guilty. But a conclusive answer to the contention is that the supreme court of the United States rejected the contention in Hallinger v. Davis, 146 U. S. 314, 13 S. Ct. 105, 36 L. Ed. 986. Numerous other courts have so held, among them: West v. Gammon et al. (C. C. A.) 98 F. 426; Craig v. State, 49 Ohio St. 415, 30 N. E. 1120, 16 L. R. A. 358; State v. Almy, 67 N. H. 274, 28 A. 372, 22 L. R. A. 744; People v. Roberts, 211 Mich. 187, 178 N. W. 690, 692, 13 A. L. R. 1253; People v. Noll, 20 Cal. 164; Dailey v. State, 4 Ohio St. 57.

Error is also assigned on behalf of the defendant in that the statute relative to crimes and punishments, as amended by Stats. 1919, c. 248, is unconstitutional because the title of the act is misleading and does not clearly express the object and purpose of the act, in that it relates merely to procedure in criminal cases, and not to crimes or the punishment thereof, and also that

the act relates to more than one subject, which is not expressed in the title. This assignment of error is not discussed by counsel and hence may be held to be waived; however, we may say that a similar contention was made in State v. Davis, 14 Nev. 443, 33 Am. Rep. 563, and there held to be without merit.

No error appearing, the judgment appealed from is affirmed, and the lower court is directed to fix the time and make the proper order for the carrying into effect by the warden of the state prison the judgment rendered.

ON PETITION FOR REHEARING

August 5, 1931.

*John W. Burrows*, for Appellant:

*Gray Mashburn*, Attorney-General; *W. T. Mathews*, Deputy Attorney-General; and *Merwyn H. Brown*, District Attorney, for the State.

## OPINION

By the Court, Coleman, C. J.:

A petition for a rehearing has been filed in this case, aggregating something over 24,000 words and citing many decisions.

The burden of the petition is to the effect that our government is divided into three branches, legislative, judicial and executive, and that article 1, section 3, of our state constitution guarantees a trial by jury, and that the petitioner has had none. Without following the devious course of counsel, or considering any of the authorities cited, we desire it understood that we thoroughly agree with the contention that a trial by jury in a criminal case is guaranteed, if a trial is had. What we sought to point out in our former opinion was that there was nothing to try, hence there was no necessity for a trial.

We did not undertake in our former opinion to elaborate. The American bar association nearly twenty years ago went on record in favor of concise opinions, for the reason that neither courts nor lawyers have the time to read long, rambling ones. We have sought to conform to the view of the association, and if that body could only induce members of the profession to do likewise we think those lawyers who have a good cause would profit by it.

■ We have always understood it to be Hornbook law that when one pleads guilty to a charge there is no issue to try, hence a jury will not be called for the ridiculous purpose of establishing what the defendant, in the most solemn manner, has admitted.

Clark's Criminal Procedure (Hornbook Series), second edition at paragraph 129, says:

"A confession of the defendant may be either express or implied. An express confession is where he pleads guilty, and thus directly, in the face of the court, confesses the accusation. This is called a plea of guilty, and is equivalent to a conviction. The court must, however, pronounce judgment and sentence as upon a verdict

of guilty, but it will hear the facts of the case from the prosecuting officer, and any statement that the defendant or his counsel may wish to make. In the absence of a statutory provision to the contrary, the defendant may plead guilty in a capital case as well as in any other, and the court must pronounce the proper judgment and sentence, though it may be death. It cannot compel him to plead not guilty, and submit to a trial, but it may, and generally will advise him to withdraw his plea, and plead not guilty, and, instead of immediately directing the plea to be entered, will give him a reasonable time to consider and retract it."

Sir William Blackstone, for whom we have always entertained a very high regard, speaking nearly two hundred years ago, said:

"The other incident to arraignment, exclusive of the plea, is the prisoner's confession of the indictment. Upon a simple and plain confession, the court hath nothing to do but to award judgment." Vol. IV, Blackstone's Com., p. 324, Ed. 1769.

Mr. Chitty, in his work on Criminal Law, says:

"The last incident of the arraignment is confession. This may be either express or implied. An express confession of the indictment is where the party pleads guilty, and thus directly, in the face of the court, confesses the accusation. This is the highest kind of conviction of which the case admits." 1 Chitty's Criminal Law (Ed. 1847), p. 428.

In Hawkins Pleas of the Crown (Vol. II, Ed. 1824, p. 466), it is said:

"An express confession is where a person directly confesses the crime with which he is charged, which is the highest conviction that can be, and may be received after the plea of 'not guilty,' recorded."

If a plea of guilty is the "highest conviction," what can be the necessity of a further conviction?

Counsel call our attention to the case of People v. Bruner (Ill.), 175 N. E. 400, which, they say, decides the precise question involved in the instant case. Counsel then say of the opinion in that case:

"In that case the Court pointed out that the vesting of the judicial power of the state in certain courts was an exclusive grant of power, and that the Court consisted of the judge, who at the time of the adoption of the constitution was the exclusive judge of the law, and the jury, which was also a common law institution, were the sole judges of the questions of fact."

In that case the defendant pleaded not guilty and had a trial before a jury. Certainly the jury in such a situation was the sole judge of the questions of fact involved. The distinction between that case and this one is that there an issue was raised by the plea of not guilty whereas in the instant case there was a confession, a plea of guilty to the crime charged. If the court in that case had decided the identical question here involved contrary to the conclusion we have reached it would have no weight with us, as it would be clearly erroneous. In our former opinion we cited several authorities supporting our position, among them Hallinger v. Davis, by the supreme court of the United States, which passed upon the constitutional phase of the question; and the decision of that court is the last word on federal questions. Another case, which we did not cite in our former opinion but which goes at length into the question here presented and sustains our conclusion, is that of Green v. Commonwealth, 12 Allen (Mass.), 155. The opinion in that case is by Bigelow, C. J., a very learned and distinguished author, professor and jurist.

The law as stated is not questioned by any court or law writer. It is said in the petition:

"It was decided by the court, in State v. Rover, 10 Nev. 388, that an indictment simply for murder without specifying the degree did not specifically charge murder of the first degree, inasmuch as both murder of the first degree and murder of the second degree were included in the charge, and that the indictment did not specify which of the degrees or a particular degree."

■ Basing their contention upon this statement, it is urged that it was necessary that the facts of the

case be submitted to a jury to determine the degree of the offense.

In the first place let us say that counsel are in error as to what was held in the case mentioned. It was a case in which the defendant was charged with murder. He was tried by a jury, which returned a verdict in which the defendant was found guilty "as charged." The statute then provided, as it now does, that when a jury finds one guilty of murder it must designate by its verdict whether the defendant is guilty of the first or second degree murder. The distinction between that case and the instant one is that it was a case of an issue being raised by a plea of not guilty and a trial thereupon, wherein the statute was not complied with, whereas in this one the defendant entered a plea of guilty, leaving nothing remaining to be done but the taking of testimony, fixing the degree of the crime and the passing of sentence, pursuant to a statute similar to one held constitutional in Hallinger v. Davis, supra.

Chief counsel for petitioner has sought to make in his supplemental petition for a rehearing two points not made when the matter was originally submitted for our consideration.

First we wish to point out that rule XV limits the appearances on rehearing to the petition for rehearing and the reply thereto. This rule applies to criminal as well as civil cases. State v. Jon, 46 Nev. p. 438, 439. In Stockgrowers and Ranchers Bank v. Milisich, 52 Nev. 475, 290 P. 1025, we condemned the filing of briefs not authorized on rehearing. We invite attention to that decision.

Furthermore, it is a well-acknowledged practice that no new point may be presented in a petition for a rehearing. Carroll v. Carroll, 51 Nev. 190, 272 P. 3.

However, we may say, as to the contention that the word "court" in the portion of section 10068, N. C. L., authorizing the court upon a plea of guilty to a charge of murder to determine the punishment, must be construed as consisting of judge, jury and other officers, that we are clearly of the opinion that counsel is in error.

Every statute and every word of a statute must be construed in the light of the evident intention of the legislature. In certain cases "court" has been held to be synonymous to "judge," though such would not be a correct holding in this connection. Newby v. Bacon, 208 P. 1005; 7 R. C. L. p. 973; 15 R. C. L. p. 512; United States v. Curtis, 4 Mason 232, 25 Fed. Cases 726.

No one has ever been so rash as to assert that the word "court" in section 10883, N. C. L., and other sections pertaining to arraignment, contemplated the presence of the jury. The word is used in section 10068 in the same sense as in the sections pertaining to arraignment and the entry of a plea by a defendant charged with a crime.

The further contention made by the chief attorney for appellant to the effect that the provision of the constitution of Nevada which permits prosecutions by information is violative of the constitution of the United States and void is without merit. Bolin v. Nebraska, 176 U. S. 83, 44 L. Ed. 382.

The petition for a rehearing is denied.