COTTONWOOD COVE CORPORATION, A NEVADA COR-PORATION, APPELLANT, *v.* W. E. BATES, RESPONDENT.

No. 6189

November 9, 1970                    476 P.2d 171

*Morris, Walker & Pilkington,* of Las Vegas, for Appellant.

*Denton & Monsey,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The respondent sued the appellant alleging the breach of an employment contract upon the ground that his employment with the appellant corporation had been wrongfully terminated. The corporation controverted the complaint upon the ground that respondent had misrepresented his possession of a valid Nevada contractor's license. The appellant now contends that the judgment is not supported by the evidence and is contra to applicable law.

The trial court found, from the evidence, a valid contract terminable upon the death of the respondent. It also found that there had been an unwarranted breach by the appellant without a corresponding breach by the respondent.

There is substantial evidence to support the trial court's determination. We will not interfere with it nor substitute our judgment for that of the trial court in weighing the evidence. Richfield Oil Corp. v. Harbor Insurance Co., 85 Nev. 185, 452 P.2d 462 (1969).

The trial court in assessing damages found that the life expectancy of the respondent was approximately 16 years at

the time of the breach, but because of certain testimony given by him the court allowed recovery for only 10 years. The action of the trial court was to the appellant's advantage. In this regard it is not an aggrieved party and it cannot now complain. NRCP 72(a). We find no fault with the trial court's procedure in assessing damages, except in its allowance of $500 per month for the period from June 14, 1964 to September 17, 1964, plus interest, for a total of $1,406.96. The parties agree that the respondent received compensation for that period.

In his opening statement to the trial court, counsel for the corporation maintained that the sole issue was whether the absence of a valid Nevada contractor's license was a material breach of the contract of employment.[1] The record on appeal reflects that this was the only issue upon which evidence was presented to the trial court. Now, on this appeal, the appellant presents an entirely different theory of contract law and contends that the agreement was merely a contract at will and that it could have been breached at any time by either party without penalty. The appellant cannot raise, for the first time on appeal, this theory of law.

In County of Clark v. State of Nevada, 65 Nev. 490, 199 P.2d 137 (1948), this court stated: "It has long been a rule of this court that a party on appeal cannot assume an attitude or adopt a theory inconsistent with or different from that taken at the hearing below. Wheeler v. Hurley, 49 Nev. 70, 236 P. 559; Carroll v. Carroll, 51 Nev. 188, 272 P. 3; Berrum v. Georgetta, 60 Nev. 1, 93 P.2d 525, 98 P.2d 479; In re Torres Estate, 61 Nev. 156, 120 P.2d 816, 135 A.L.R. 481; Edmonds v. Perry, 62 Nev. 41, 140 P.2d 566; Johnston v. DeLay, 63 Nev. 1, 158 P.2d 547."

---

[1]". . . [A]s the record will so reflect, the main dispute was the provision that was in the contract that recited that the plaintiff was a licensed Nevada contractor. The testimony of the witnesses for the defendant will show to his Honor the reasons why this was an essential element of the contract; why this representation of the plaintiff was the prime requisite for the entering into such a contract; that the reasons for the plaintiff having a contractor's license was to obtain contractor's discount on material. The testimony will show that Mr. Krametbauer was told by the plaintiff that he did have a valid contractor's license and that Mr. Krametbauer relayed that information to other members of the corporation, and that this factor and this factor alone was the main inducement for entering into such a contract; that when it was discovered that the defendant did not have a valid contractor's license, he was terminated for that reason. This is the sole and simple issue that will be before the Court."

The judgment of the trial court is modified from $44,557.43, together with interest thereon, at the rate of 7 percent per annum, from November 21, 1969, until paid, to the sum of $43,150.46, together with interest thereon at the rate of 7 percent per annum, from November 21, 1969, until paid. In all other respects the judgment of the district court is affirmed.